**UNITED STATES, Appellee,**

v.

**Ben J. DYKES II, Sergeant U.S. Air Force, Appellant.**

No. 67,946.
CMR No. S28412.

U.S. Court of Military Appeals.

Argued Feb. 1, 1993.
Decided Sept. 29, 1993.

For Appellant: *Captain David D. Jividen* (argued); *Colonel Terry J. Woodhouse (on brief); Mamor Alice M. Kottmyer.*

For Appellee: *Major Paul H. Blackwell, Jr.* (argued); *Colonel Richard L. Ourdon, Lieutenant Colonel Jeffery T. Infelise, Captain Thomas E. Wand* (on brief); *Lieutenant Colonel Brenda J. Hollis.*

*Opinion*

SULLIVAN, Chief Judge:

On September 18, 1990, appellant was tried at Eglin Air Force Base, Florida, by a special court-martial composed of a military judge sitting alone. Pursuant to his pleas, appellant was found guilty of presenting a false writing to obtain the approval and payment of a claim against the United States, in violation of Article 132, Uniform Code of Military Justice, 10 USC § 932. He was sentenced to a bad-conduct discharge, confinement for 4 months, and reduction to the lowest enlisted grade. On November 5, 1990, the convening authority approved only so much of the sentence as provided for a bad-conduct discharge, confinement for 3 months, and reduction to the lowest enlisted grade. On February 19, 1992, the Court of Military Review affirmed the approved findings and sentence in an unpublished opinion.

On September 1, 1992, this Court specified the following issue for review:

WHETHER THE AIR FORCE COURT OF MILITARY REVIEW PROPERLY EXERCISED ITS FACTFINDING POWERS UNDER ARTICLE 66(c), UNIFORM CODE OF MILITARY JUSTICE,

10 USC § 866(c), IN RESOLVING AP-
PELLANT'S POST–TRIAL CLAIMS OF
COMMAND INFLUENCE.

We hold that there are substantial unre-
solved questions in this case concerning
appellant's post-trial claims of unlawful
command influence which require a hearing
before a military judge at the trial level.
*See United States v. Parker*, 36 MJ 269
(CMA 1993); *United States v. Perez*, 18
USCMA 24, 39 CMR 24 (1968); *United
States v. DuBay*, 17 USCMA 147, 37 CMR
411 (1967).

Appellant was charged with using a false
writing to obtain the approval and payment
of a claim against the United States. The
charge arose out of his filing a travel
voucher using a false lodging receipt which
he acquired while on temporary duty. In
appealing his conviction to the Court of
Military Review, appellant, for the first
time, raised issues concerning his selective
prosecution, unlawful command influence,
and a *sub rosa* agreement between defense
and trial counsel which deprived him of his
right to be tried by members. He submit-
ted, and the Court of Military Review ac-
cepted, his affidavit regarding these assert-
ed matters. Appellant asserted that Mas-
ter Sergeant (MSgt) Geeting, MSgt Elzey,
and four others were discouraged from
providing evidence on his behalf and that
his trial defense counsel was also the object
of command influence.

In response, appellate government coun-
sel submitted, and the Air Force Court
accepted, an affidavit from Captain (Capt)
Martin who was appellant's trial defense
counsel. Capt Martin denied that a *sub
rosa* agreement existed; denied that he
was "unduly influenced" by conversations
with appellant's commander; asserted that
he told appellant "to prepare a list of po-
tential character witnesses"; and asserted
that he interviewed two persons who appel-
lant and his mother identified as being im-
properly influenced by the command. Capt
Martin did not name the two persons whom
he interviewed, but he asserted that they
made no undue-influence claims to him.

In response thereto appellant submitted,
and the Air Force Court accepted, affida-
vits from two persons which he asserts
contradict the assertions and denials of tri-
al defense counsel. The affidavits from
MSgt Geeting and MSgt Elzey stated that
they were never contacted by defense coun-
sel "before, during, or after" appellant's
court-martial concerning "alleged command
influence" or their respective opinions of
appellant.

The Court of Military Review found that
appellant's contention of unlawful com-
mand influence had "no merit." Further-
more, it made extensive findings of fact
and conclusions of law after reviewing all
the affidavits, appellate briefs, issues sub-
mitted by appellate defense counsel pursu-
ant to *United States v. Grostefon*, 12 MJ
431 (CMA 1982), and the record of trial. It
relied on its conclusory decision in *United
States v. Daffron*, 32 MJ 912, 915, *pet.
denied*, 34 MJ 75 (CMA 1991), as authority
for its factfinding.

Appellant argues before this Court that
"the Air Force Court of Military Review
improperly exercised its fact-finding pow-
ers" because it "elect[ed] to adopt the facts
contained in one *ex parte* affidavit over
directly conflicting claims found in the ap-
pellant's affidavits and evidence." Final
Brief at 3–4. Appellant contends that the
court below was required to order a hear-
ing pursuant to military case law and the
Confrontation Clause of the Sixth Amend-
ment.

---

■ Article 66(c), UCMJ, 10 USC
§ 866(c), prescribes the appellate powers of
Courts of Military Review. It states:

In a case referred to it, the Court of
Military Review may act only with re-
spect to the findings and sentence as
approved by the convening authority. *It
may affirm only such findings of
guilty and the sentence or such part or
amount of the sentence, as it finds cor-
rect in law and fact and determines, on
the basis of the entire record, should be
approved. In considering the record*, it
may weigh the evidence, judge the credi-

bility of witnesses, and determine controverted questions of fact, recognizing that the trial court saw and heard the witnesses.

(Emphasis added.) It is well established that a Court of Military Review's assessment of appellant's guilt or innocence for legal and factual sufficiency is limited to the evidence presented at trial. *United States v. Turner*, 25 MJ 324, 325 (CMA 1987); *United States v. Bethea*, 22 USCMA 223, 225, 46 CMR 223, 225 (1973); *United States v. Crider*, 22 USCMA 108, 110–11, 46 CMR 108, 110–11 (1973); *see also United States v. Cole*, 31 MJ 270, 272 (CMA 1990).

Article 66(c) does not, however, expressly provide for the appellate resolution of collateral claims not raised at the court-martial. *See United States v. DuBay*, 17 USCMA at 149 n.2, 37 CMR at 413 n.2. A collateral claim is one which does "not go directly to the issue of the guilt or innocence of an accused." *United States v. Hawkins*, 24 MJ 257, 258 (CMA 1987) (quoting *United States v. Smith*, 3 MJ 490, 491 (CMA 1975)); *see also United States v. Parker, supra; United States v. Smith*, 35 MJ 138, 142 (CMA 1992). This Court long ago recognized that resolution of such a claim, post-trial, requires a procedure by which the Courts of Military Review, as well as this Court, may expand the record of trial through an evidentiary hearing. *United States v. DuBay, supra; cf. Unit-*

ed States v. Bacon, 12 MJ 489, 491–92 (CMA 1982) (procedures for granting new trial based on newly discovered evidence). The purpose of such a *"DuBay* hearing" is to enable a military judge at the trial level to make the findings of fact and conclusions of law on collateral matters when the record is incomplete and "resort to affidavits [is] unsatisfactory[.]" * 17 USCMA at 149, 37 CMR at 413; *see United States v. Parker*, 36 MJ at 272 (evidentiary hearings are "necessary predicates to resolving appellate questions" when "collateral or predicate matters" require clarification); *United States v. Perez*, 18 USCMA at 26, 39 CMR at 26 ("hearing is required" when opposing affidavits and record demonstrate lack of accuracy of recollection by affiants); *cf. United States v. Aiello*, 814 F.2d 109, 113–14 (2d Cir.1987).

The claims raised by appellant alleged command interference with defense witnesses and defense counsel. The normal quantum of proof required on this particular issue, once raised, is "beyond a reasonable doubt," and the burden of persuasion is on the Government. *See United States v. Mabe*, 33 MJ 200, 203 (CMA 1991), *aff'g* 30 MJ 1254, 1267 (NMCMR 1990); *United States v. Thomas*, 22 MJ 388, 394 (CMA 1986), *cert. denied*, 479 U.S. 1085, 107 S.Ct. 1289, 94 L.Ed.2d 146 (1987). A post-trial evidentiary hearing is not re-

---

* This Court has not clearly articulated a standard for determining when resorting to affidavits is unsatisfactory for resolving such collateral matters. A useful comparison, although not expressly adopted in this case, might be the Supreme Court's practice with respect to federal habeas corpus proceedings. 28 USC §§ 2241 *et seq. See Blackledge v. Allison*, 431 U.S. 63, 97 S.Ct. 1621, 52 L.Ed.2d 136 (1977); *Harris v. Nelson*, 394 U.S. 286, 298–300, 89 S.Ct. 1082, 22 L.Ed.2d 281 (1969); *United States v. Machibroda*, 368 U.S. 487, 82 S.Ct. 510, 7 L.Ed.2d 473 (1962). The Supreme Court has relied on the standard used in motions for summary judgment for determining whether to order an evidentiary hearing in habeas corpus proceedings. *Blackledge v. Allison, supra* at 80, 97 S.Ct. at 1632. *See generally Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986); *Celotex Corp. v. Catrett*, 477 U.S. 317, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986). This is

not the sole applicable standard when the collateral matter has, or should have, been litigated below (*e.g.*, a post-trial attack on a pretrial hearing to determine the voluntariness of a confession). *See generally Keeney v. Tamayo–Reyes*, —— U.S. ——, 112 S.Ct. 1715, 118 L.Ed.2d 318 (1992) (cause-and-prejudice standard). We do recognize that an appeal to the Courts of Military Review pursuant to Article 66, Uniform Code of Military Justice, 10 USC § 866, or this Court pursuant to Article 67, UCMJ, 10 USC § 867, is not a habeas corpus proceeding. The writ of habeas corpus is available to the military accused and may be filed in the Courts of Military Review or this Court under the All Writs Act, 28 USC § 1651(a). *See Noyd v. Bond*, 395 U.S. 683, 695 n. 7, 89 S.Ct. 1876, 1883 n. 7, 23 L.Ed.2d 631 (1969); *Courtney v. Williams*, 1 MJ 267 (CMA 1976); *McDaniel v. Stewart*, 7 MJ 929 (ACMR 1979), relying on *Kelly v. United States*, 1 MJ 172 (CMA 1975).

quired if no reasonable person could view the opposing affidavits in this case, in light of the record of trial, and find the facts averred by appellant to support his claim of unlawful command influence. *Cf. United States v. Payton*, 23 MJ 379, 381–82 (CMA 1987); *United States v. Perez, supra.*

We conclude that the post-trial affidavit submitted by the Government does not compellingly demonstrate the invalidity of appellant's collateral claims. *See United States v. Perez, supra; United States v. DuBay, supra; cf. United States v. Giardino*, 797 F.2d 30, 32 (1st Cir.1986); *Bender v. United States*, 387 F.2d 628, 630 (1st Cir.1967). More particularly, the Government's affidavit does not provide a sufficient basis in fact to reject beyond a reasonable doubt appellant's unlawful-command-influence claims. *Cf. United States v. Payton, supra.*

Specifically, in appellant's affidavit, he names *six* servicemembers (MSgt Geeting, MSgt Elzey, Capt Wolfe, CMSgt Cork, Capt Burkhardt, SSgt Poteet) who were purportedly improperly influenced by the squadron commander, Lieutenant Colonel (Lt Col) McGrady. In response, however, Capt Martin acknowledges that appellant informed him of two individuals who may have been improperly influenced. He further stated in his affidavit that "I spoke to *both* of these people and neither of them told me of any undue command influence." (Emphasis added.) No explanation for this apparent contradiction or discrepancy has been provided by the parties.

Capt Martin also stated in his affidavit that the two unidentified individuals with whom he spoke "did not have a high opinion of Sergeant Dykes' character." However, affidavits submitted by MSgt Elzey and MSgt Geeting, two of the six persons named in appellant's affidavit, reveal that they were never approached by defense counsel to determine whether they should testify on appellant's behalf. Again, a record which invokes speculation is not adequate to resolve this apparent and significant discrepancy.

Finally, appellant also alleges that Lt Col McGrady and trial defense counsel conferred on several occasions by telephone resulting in improper command influence on Capt Martin. Defense counsel summarily denied being improperly influenced, but he failed to address the purpose and nature of his conversations with the commander. Clearly, this is not an adequate basis for compellingly concluding that appellant's factual claims are not genuine.

We hold that an evidentiary hearing is required in these circumstances. *See United States v. Parker*, 36 MJ at 272 ("The affidavit, then, played a role in triggering the process" of ordering a limited evidentiary hearing.); *cf. United States v. Whalen*, 976 F.2d 1346, 1349 (10th Cir.1992). Nevertheless, we caution military law practitioners that mere submission of post-trial affidavits does not usually require an evidentiary hearing in order to resolve a post-trial collateral claim. *See, e.g., Atkins v. Singletary*, 965 F.2d 952, 958 n.5 (11th Cir.1992); *Amos v. Minnesota*, 849 F.2d 1070 (8th Cir.), *cert. denied*, 488 U.S. 861, 109 S.Ct. 159, 102 L.Ed.2d 130 (1988); *Government of the Virgin Islands v. Bradshaw*, 726 F.2d 115, 117 (3d Cir.), *cert. denied*, 469 U.S. 829, 105 S.Ct. 113, 83 L.Ed.2d 56 (1984); *Wallace v. Lockhart*, 701 F.2d 719, 730 (8th Cir.), *cert. denied*, 464 U.S. 934, 104 S.Ct. 340, 78 L.Ed.2d 308 (1983); *Moya v. Estelle*, 696 F.2d 329, 332 (5th Cir.1983); *United States v. Lambros*, 614 F.2d 179, 181 (8th Cir.1980); *Richardson v. United States*, 577 F.2d 447, 450 (8th Cir.1978), *cert. denied*, 442 U.S. 910, 99 S.Ct. 2824, 61 L.Ed.2d 276 (1979).

The decision of the United States Air Force Court of Military Review is set aside. The record of trial is returned to the Judge Advocate General of the Air Force for submission to a convening authority for a limited hearing on the issue of command influence. The military judge for that hearing must not examine the decision of the court below dated February 19, 1992. At the conclusion of the hearing, the judge will make specific findings of fact on that issue. A verbatim record of the proceedings will be submitted after authentication to the

Court of Military Review for further review. Thereafter, Article 67(a)(3), UCMJ, 10 USC § 867(a)(3) (1989), shall apply.

Judge WISS concurs.

COX, Judge (concurring in the result):

I agree that a *DuBay* * hearing should be ordered in this case. The footnote to the lead opinion raises an interesting question. Adoption of a procedural rule is the prerogative of the President by virtue of Article 36(a), Uniform Code of Military Justice, 10 USC § 836(a), which provides:

> Pretrial, trial, and post-trial procedures, including modes of proof, for cases arising under this chapter triable in courts-martial, military commissions and other military tribunals, and procedures for courts of inquiry, may be prescribed by the President by regulations which shall, so far as he considers practicable, apply the principles of law and the rules of evidence generally recognized in the trial of criminal cases in the United States district courts, but which may not be contrary to or inconsistent with this chapter.

Perhaps the Joint–Service Committee on Military Justice might consider how collateral attacks on courts-martial should be litigated.

GIERKE, Judge, joined by CRAWFORD, Judge (concurring in the result):

I agree that an evidentiary hearing is required in this case, but not for the reasons set out in the lead opinion. I disagree with the Chief Judge on both the facts and the law.

With respect to the facts, I do not agree with that opinion that Captain Martin's blanket denial that he was improperly influenced by Lieutenant Colonel McGrady should be rejected simply because "he failed to address the purpose and nature of his conversations with the commander." 38 MJ at 273. Furthermore, my reading of the record and post-trial affidavits reveals several significant omissions rather than

the contradictions or discrepancies asserted by the Chief Judge. For example, we cannot tell from the affidavits whether the two names which Captain Martin says appellant provided him were MSgt Elzey and MSgt Geeting. Furthermore, although MSgt Elzey and MSgt Geeting state in their affidavits that they were not interviewed by Captain Martin, they do not say whether anyone attempted to influence them not to testify for appellant. Finally, evidence from Lieutenant Colonel McGrady is conspicuously absent.

With respect to the law, I am concerned that the lead opinion appears to hold that a Court of Military Review lacks authority to resolve contradictory affidavits, except for the rare situation where "no reasonable person could view the opposing affidavits ... in light of the record of trial, and find the facts averred by appellant to support his claim of unlawful command influence." 38 MJ at 273. Such a holding may be contrary to the express power given the Courts of Military Review in Article 66(c), Uniform Code of Military Justice, 10 USC § 866(c) to "weigh the evidence, judge the credibility of witnesses, and determine controverted questions of fact." The Chief Judge implies that the Court of Military Review's factfinding power is limited to the trial proceedings and does not extend to contested collateral issues raised by post-trial affidavit. I am not prepared to go that far at this time or to hold that a Court of Military Review may never resolve a conflict of affidavits. Such a holding goes beyond *United States v. DuBay*, 17 USCMA 147, 37 CMR 411 (1967), and is unnecessary to resolve this case.

In appellant's case we are confronted with an absence of information. In order to resolve this case we need a factfinder to assess the credibility of witnesses and test the accuracy of their perceptions regarding appellant's allegations of unlawful command influence. The nature of the factual issues to be resolved "make resort to affidavits unsatisfactory." *United States v.*

---

* *United States v. DuBay,* 17 USCMA 147, 37 CMR 411 (1967). .

*DuBay, supra* at 149, 37 CMR at 413. Accordingly, I agree that an evidentiary hearing is necessary, so I concur in the result.