UNITED STATES, Appellee,

v.

Sergeant Donald C. WALTERS,
051–70–1431, United States
Army, Appellant.

ARMY 9300196.

U.S. Army Court of Criminal Appeals.

29 Aug. 1995.

wrongful distribution of cocaine, and obstruction of justice in violation of Articles 81, 112a, and 134, Uniform Code of Military Justice, 10 U.S.C. §§ 881, 912a, and 934 (1988) [hereinafter UCMJ]. The appellant was sentenced to a dishonorable discharge, confinement for twelve years, forfeiture of all pay and allowances, and reduction to Private E1. In the exercise of his clemency powers, the convening authority reduced the period of confinement to eleven years, but otherwise approved the sentence as adjudged.

Before this court the appellant asserts, inter alia, that he was denied effective assistance of counsel at his court-martial. We disagree and affirm.

The appellant specifically raises the following nine failures on the part of both the civilian[1] and military defense counsel in asserting ineffective assistance of counsel:

1. Failure to investigate whether the appellant signed Prosecution Exhibit (P.E.) 1 (rights warning certificate, dated 12 November 1992), P.E. 2 (statement, dated 12 November 1992), P.E. 4 (rights warning certificate, dated 17 November 1992), and P.E. 5 (statement, dated 17 November 1992);

2. Failure to make a motion to suppress P.E.'s 2 and 5;

3. Failure to object to P.E. 6, the laboratory report, which the appellant asserts was the product of a defective chain of custody;

4. Failure to challenge the military judge for abandoning his impartial role;

5. Failure to contact named defense witnesses;

For Appellant: Vaughan E. Taylor (argued); Major Roy H. Hewitt, JAGC (on brief).

For Appellee: Captain John G. Giovannelli, JAGC (argued); Colonel John M. Smith, JAGC, Major Lyle D. Jentzer, JAGC, Captain Michael E. Mulligan, JAGC (on brief); Lieutenant Colonel James L. Pohl, JAGC.

## OPINION OF THE COURT

GONZALES, Judge:

Contrary to his pleas, the appellant was found guilty, by a military judge sitting as a general court-martial, of conspiracy to import cocaine, wrongful possession of cocaine,

---

1. Since the civilian defense counsel (CDC) was a Panamanian attorney retained by the appellant's family, the military judge conducted an inquiry to ensure that the CDC was qualified to represent the appellant. The military judge ascertained that the CDC was bilingual and graduated from law school in 1976. During his seventeen years of practicing law in Panama, he had represented soldiers in court-martial proceedings five times, including one that involved a co-accused. He had represented the appellant at his Article 32, UCMJ, investigation. The CDC felt he was qualified to represent the appellant at his trial. The appellant agreed by responding in the affirmative when the military judge asked him, "Do you feel Mr. Dawkins is qualified to represent you at this proceeding?" The appellant did not express

then any misgivings about his counsel's alleged failures to conduct any of the pretrial investigations that concern four of the nine matters he now asserts on appeal.

When the military judge was advised that the appellant's CDC had represented a co-accused, he discussed the potential for a conflict of interest with the appellant. The appellant stated that he thought his CDC "would do a good job defending me" and that he was pleased with his CDC's representation of him at the Article 32, UCMJ, investigation. The appellant also signed a Conflict of Interest Waiver, Appellate Exhibit I, that included language to the effect that the appellant understood that in signing the waiver "I may be waiving my ability [to] raise issues of ineffective assistance on appeal."

6. Failure to investigate why the appellant was denied his right to consult with an attorney on the morning of his arrest, when that attorney's efforts to see the appellant were thwarted by government officials;

7. Failure to investigate why Panama Jack Anti–Smuggling Task Force agents initiated custodial reinterrogation of the appellant regarding the same alleged offenses after the appellant had previously invoked his Article 31, UCMJ, rights and requested counsel during the first attempted interrogation in 1991 and after subsequently having hired additional counsel upon being placed in pretrial confinement in 1992;

8. Failure to investigate whether the appellant had been properly advised of his rights prior to being interrogated; and

9. Failure to present a blackmail defense to the obstruction of justice charge, when it was known and alluded to by counsel in closing argument, yet was not developed on the merits.

■ A military accused has a constitutional and statutory right to the effective assistance of counsel at trial, and this includes the right to the effective assistance of counsel who carefully investigates the facts and circumstances which gave rise to the criminal charges, the marshaling of evidence favorable to the accused, and the rendering of competent and informed advice to his client with respect to the evidence and available options. *United States v. Palenius*, 2 M.J. 86, 90 (C.M.A.1977).

■ A trial defense counsel enjoys a strong presumption in law that he has rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment. *Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984); *United States v. Scott*, 24 M.J. 186 (C.M.A.1987). Whether an appellant was prejudiced by ineffective representation is a mixed question of law and fact. *Strickland*, 466 U.S. at 698, 104 S.Ct. at 2070.

■ In order to prevail on such a claim on appeal, the appellant has the heavy burden of overcoming the presumption of effectiveness. His allegation must clearly explain the exact manner in which the trial defense counsel was ineffective so that the government and this court may sensibly evaluate it. *United States v. Jones*, 39 M.J. 815, 817 (A.C.M.R.), *pet. denied*, 41 M.J. 74 (C.M.A. 1994) (erroneously reported as granted in advance sheets); *United States v. Crum*, 38 M.J. 663 (A.C.M.R.1993), *pet. granted*, 40 M.J. 58 (C.M.A.1994). Then, the appellant must present enough credible evidence, which, when considered together with the evidence contained in the entire appellate record, establishes two elements:

First, the [appellant] must show that the counsel's performance was deficient. This requires showing that counsel made errors so serious that counsel was not functioning as the "counsel" guaranteed under the Sixth Amendment. Second, the [appellant] must show that the deficient performance prejudiced the defense. This requires showing that counsel's errors were so serious as to deprive the [appellant] of a fair trial, a trial whose result is reliable.

*Strickland*, 466 U.S. at 687, 104 S.Ct. at 2064.

■ The test of counsel's performance is not that he lost; and, it is not that some number of options were not pursued or could have been pursued differently. *United States v. Ingham*, 42 M.J. 218 (C.M.A.1995). The benchmark for judging any claim of ineffectiveness is whether counsel's conduct so undermined the proper functioning of the adversarial process that the trial cannot be relied on as having produced a just result. *Strickland*, 466 U.S. at 686, 104 S.Ct. at 2064; *Lockhart v. Fretwell*, —— U.S. ——, 113 S.Ct. 838, 122 L.Ed.2d 180 (1993).

■ If this court determines that the presumption of effectiveness has not been overcome by the appellant's showing, the issue may be disposed of without intruding further into the attorney-client relationship by requiring rebuttal affidavits from trial defense counsel. *See United States v. Lewis*, 42 M.J. 1, 6 (C.M.A.1995); *Jones*, 39 M.J. at 818, n. 5; *United States v. Sittingbear*, 42 M.J. 750 (Army Ct.Crim.App.1995). On the other hand, if this court determines that the appellant's showing and the record together contain enough reliable evidence which, if unrebutted, would overcome the presumption

of competence, the trial defense counsel may be compelled to justify his actions. *See Lewis*, 42 M.J. at 6.

■ In conducting our review, we will not second-guess tactical decisions made at trial by defense counsel. *United States v. Morgan*, 37 M.J. 407, 410 (C.M.A.1993). In weighing such matters, we must give deference to counsel's tactical judgment and not substitute our view with the benefit of hindsight. *United States v. Bono*, 26 M.J. 240, 242 (C.M.A.1988).

Applying the *Lewis* standard to the appellant's threshold claim of ineffective assistance, we found it necessary to complete the appellate record by ordering affidavits from the trial defense counsel. After considering the defense counsel's affidavits together with the appellant's evidence and the remaining record, we are satisfied that there is not enough credible evidence to overcome the presumption of competence.

■ We find that the defense counsel's description of events is consistent with common sense and fits plausibly within the flow of events reflected in the record. In contrast, the appellant's allegations seem highly unlikely when viewed within the context of the entire record.

For example, we find as fact that the appellant told his defense counsel that Air Force Sergeant Raphael Adams was present when the appellant requested counsel at his first interrogation and knew that the appellant did not sign P.E.'s 1 and 2. Sergeant Adams, however, indicated to the appellant's defense counsel in a pretrial interview that the contrary was true: on 12 November 1992, the appellant freely waived his rights by signing P.E. 1, then provided the signed statement contained in P.E. 2. We also are persuaded by a finding of the appellant's own examiner of questioned documents that "[n]o handwriting characteristics of significance were noted in the questioned Donald C. Walters signatures on [P.E.'s 1 and 5] that indi-

cate a writer other than Donald C. Walters ... prepared the two signatures." This finding contradicts the appellant's contention that he did not sign either one of these two documents.

In addition, we are equally satisfied that the defense counsel considered, evaluated, and discussed with the appellant all of the options that were not pursued at trial and had a tactical reason or reasonable basis for not raising the motion, objection, challenge, and defense that the appellant now asserts were failures by his defense counsel. Finally, with respect to the civilian witnesses who were not contacted by the defense counsel, the appellant failed to provide the specifics of what these witnesses had to offer and how their testimony would have been relevant to his case. *See Crum*, 38 M.J. at 666.

Consequently, we find that the appellant has failed to meet his heavy burden of showing that his trial defense counsel's performance was marred by "serious incompetency" that affected the trial result. Accordingly, the strong presumption that his trial defense counsel rendered professionally competent assistance and made all significant decisions in the exercise of reasonable professional judgment prevails. *Strickland*, 466 U.S. at 689–690, 698–700, 104 S.Ct. at 2065–2066, 2070–2071; *Scott*, 24 M.J. at 188.

We also have considered the remaining assignments of error and hold that they are without merit.

The findings of guilty and the sentence are affirmed.

Senior Judge GRAVELLE and Judge RUSSELL concur.