UNITED STATES, Appellee

v.

Donald C. WALTERS, Sergeant
U.S. Army, Appellant.

No. 95–1202.
Crim.App. No. 9300196.

U.S. Court of Appeals for
the Armed Forces.

Argued June 6, 1996.

Decided Sept. 27, 1996.

For Appellant: *Vaughan E. Taylor* (argued); *Captain Michael E. Hatch.*

For Appellee: *Captain John W. O'Brien* (argued); *Colonel John M. Smith* and *Lieutenant Colonel Eva M. Novak* (on brief).

## Opinion

CRAWFORD, Judge:

Contrary to his pleas, appellant was convicted by a military judge sitting as a general court-martial at Fort Clayton, Panama, of conspiracy to import cocaine, wrongful possession and distribution of cocaine, and obstruction of justice in violation of Articles 81, 112a, and 134, Uniform Code of Military Justice, 10 USC §§ 881, 912a, and 934, respectively. Appellant was sentenced to a dishonorable discharge, 12 years' confinement, total forfeitures, and reduction to the lowest enlisted grade. The convening authority reduced the confinement to 11 years but otherwise approved the sentence. The Court of Criminal Appeals affirmed the findings and sentence. 42 MJ 760 (1995). We granted review of the following issue:

> WHETHER APPELLANT WAS DENIED HIS SIXTH AMENDMENT RIGHT TO EFFECTIVE ASSISTANCE OF TRIAL DEFENSE COUNSEL WHEN HE WAS TRIED AND CONVICTED BY THEM IN THEIR OFFICE, WITH NONE OF THE DEFENSE EVIDENCE EVER BROUGHT TO THE ATTENTION OF THE MILITARY JUDGE SITTING ALONE AS A GENERAL COURT–MARTIAL.

## FACTS

Appellant schemed to smuggle cocaine for a substantial amount of money from Panama to the United States on at least two occasions. After one of the co-conspirators, Phillips, was apprehended, appellant told Phillips that the supplier would pay Phillips $30,000 to "remain silent." The allegations as to the ineffectiveness of counsel are set forth in detail in the opinion of the Court of Criminal

Appeals, 42 MJ at 761–62. Except for the failure to contact named defense witnesses and failure to present a blackmail defense to the obstruction-of-justice specification, the granted issue centers on the two confessions and the initial rights' warning certificate involved in the case—prosecution exhibits 1, 2, and 5.

At trial appellant was represented by then-Captain Joseph H. Bestul and a Panamanian attorney, Aubrey Oliver Dawkins Samuels. CPT Bestul saw appellant in late 1991 after he had been arrested for conspiracy to distribute cocaine. He did not see appellant again until approximately November 1992, when he was detailed to represent appellant. At that time appellant informed him he had retained Mr. Samuels. In December 1992, the defense was provided with an interim investigative report that included the two alleged confessions (prosecution exhibits 2 and 5). After viewing these confessions, appellant stated the signatures on the documents were not his. To support his claim, appellant showed CPT Bestul a rights' warning certificate that indicated appellant wanted to speak to an attorney. Appellant told him that he had retrieved this form from a trash can after a drug task force agent had "crumpled it up, and threw it away." CPT Bestul told him that this was an outdated form and that he had a "difficult time believing" what he was hearing, but he would investigate further.

At the Article 32, UCMJ, 10 USC § 832, hearing in January 1993, the investigators testified that appellant had "freely waived" his rights and given the sworn statements. Even so, appellant insisted that he had not signed the confessions or rights' warning certificates and had requested an attorney. The two defense counsel advised appellant that they "could not find any evidence that corroborated his claim that he did not waive his rights." To corroborate his claim that he did not waive his rights, appellant referred the defense attorneys to a person named "Rafael." On further investigation, they determined "Rafael" was Air Force Sergeant Rafael Adams, Howard Air Force Base, Panama. When interviewed by CPT Bestul, Sergeant Adams did not substantiate appellant's version. The attorneys then advised appellant of "the advantages and disadvantages of testifying." According to CPT Bestul's affidavit, appellant decided not to "testify" and understood that his defense would be based solely on cross-examination of the government witnesses.

After trial, appellant's defense counsel submitted prosecution exhibits 1, 2, and 5 to a document examiner which revealed the following:

| Prosecution Exhibit | Examiner Findings |
| --- | --- |
| 1 (11/12/92) (rights' warning certificate) | No indication that anyone "other than" appellant signed |
| 2 (11/12/92) (sworn statement) | "[P]robably prepared by a writer other than" appellant |
| handwriting exemplars | |
| 5 (11/17/92) (sworn statement) | No indication that anyone "other than" appellant signed; possible that initials were "prepared by a writer other than" appellant |

## DISCUSSION

Based on the Sixth Amendment right to counsel and the Uniform Code of Military Justice, this Court has been diligent in ensuring the right to effective assistance of counsel, starting with the pretrial stage through appellate review. *See, e.g., United States v. Curtis,* 44 MJ 106, 118–26 (1996); *United States v. Loving,* 41 MJ 213, 241–52 (1994), *aff'd,* —— U.S. ——, 116 S.Ct. 1737, 135 L.Ed.2d 36 (1996).

We agree with the excellent analysis by the Court of Criminal Appeals. 42 MJ at 761–63. Additionally, "[w]e have little patience, generally, with appellate calls for a penalty flag from an accused who, when all is said and done, was mugged—if at all—largely by his own lack of candor with his counsel." *United States v. Meadows,* 42 MJ 132,

138 (1995). It was appellant's own failure to assist counsel in finding out how the two extremely detailed confessions were obtained that undermined his own cause. His own post-trial document examiner concluded that he was the individual who signed both confessions as to prosecution exhibits 1 and 5. There was no indication that anyone "other than" appellant signed the documents. He concluded that prosecution exhibit 2 was "probably prepared by a writer other than" appellant. The lynchpin is his opinion concerning prosecution exhibit 5. Even though the examiner indicated prosecution exhibit 2 was "probably prepared by" someone "other than" appellant, in prosecution exhibit 5, appellant admits making prosecution exhibit 2. Thus, based on these detailed and interlocking confessions, appellant cannot satisfy the prejudice prong of the ineffectiveness-of-counsel test. *United States v. Curtis*, 44 MJ at 118–26; *see Strickland v. Washington*, 466 U.S. 668, 697, 104 S.Ct. 2052, 2069, 80 L.Ed.2d 674 (1984) (failure to make the required showing on either prong defeats the ineffectiveness claim).

The decision of the United States Army Court of Criminal Appeals is affirmed.

Judge GIERKE concurs.

COX, Chief Judge, with whom SENTELLE, Circuit Judge * joins (concurring in the result):

I have considered appellant's post-trial submissions in the Court of Criminal Appeals purporting to support his claim of ineffective assistance of counsel. I have concluded, in the context of the record as a whole, that appellant has not adequately raised the issue so as to have warranted further action by that court or any remedy by this Court. *See United States v. Ingham*, 42 MJ 218, 224 (1995) (Appellant is not entitled to an eviden-

---

* Judge David B. Sentelle of the United States Court of Appeals for the District of Columbia

tiary hearing to resolve his appellate claim of ineffective assistance of counsel because he "has not met the threshold burden to demonstrate that his trial lawyer's performance was ineffective under the tests established by this Court."). On this basis, I concur in affirming the decision below.

Were I of a different view as to whether appellant's submissions were adequate to raise the issue, however, I would join Judge Sullivan in ordering a factfinding proceeding under *United States v. DuBay*, 17 USCMA 147, 37 CMR 411 (1967). I agree with him that, in such an instance, a Court of Criminal Appeals is an inadequate forum to gather all the evidence and to resolve controverted facts. *United States v. Dykes*, 38 MJ 270, 271 (CMA 1993). As I did in my separate opinion in *Dykes, id.* at 274, I once again urge the Joint–Service Committee on Military Justice to consider and recommend to the President a procedure by which collateral attacks on courts-martial might be litigated. *See* 38 MJ at 272 n. *; Art. 36(a), Uniform Code of Military Justice, 10 USC § 836(a).

SULLIVAN, Judge (dissenting).

The Court of Criminal Appeals' decision so heavily relied on by the lead opinion to resolve this appeal was based on a credibility determination by that appellate court. 42 MJ 760, 763 (1995). It chose defense counsel's affidavits over appellant's. I do not agree that this is the proper way to proceed when post-trial disputes as to facts are presented. *See United States v. Dykes*, 38 MJ 270 (CMA 1993); *United States v. McCarthy*, 2 MJ 26, 28 n. 2 (CMA 1976). Moreover, I do not agree that the decision of this Court in *United States v. Lewis*, 42 MJ 1, 6 (1995), permits such a procedure. I would order a post-trial hearing in this case in accordance with *United States v. DuBay*, 17 USCMA 147, 37 CMR 411 (1967).

---

Circuit, sitting by designation pursuant to Article 142(f), UCMJ, 10 USC § 942(f).