# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 99-1222

_____

Donovan B. Gilliam, Sr.,       *
      *
        Appellant,       *
      *    Appeal from the United States
      v.       *    District Court for the
      *    Western District of Missouri.
Bureau of Prisons; P. W. Keohane,       *      [UNPUBLISHED]
      *
        Appellees.       *

_____

Submitted:   March 3, 2000

Filed:   March 10, 2000

_____

Before WOLLMAN, Chief Judge, FLOYD GIBSON, and RICHARD S. ARNOLD, Circuit Judges.

_____

PER CURIAM.

      Donovan Gilliam appeals the district court's order dismissing for lack of jurisdiction his petition filed pursuant to 28 U.S.C. § 2241. The district court denied Gilliam leave to appeal in forma pauperis (IFP). We grant Gilliam permission to proceed IFP, and because we conclude that the district court has jurisdiction to consider Gilliam's section 2241 petition, we reverse the dismissal order and remand the case to that court.

Gilliam, a prisoner at the United States Medical Center for Federal Prisoners at Springfield, Missouri, was convicted in November 1971 by a general court-martial at Fort Leavenworth, Kansas, of premeditated murder and conspiracy in the bludgeoning death of a fellow inmate at the disciplinary barracks. The Army Court of Military Review (now the Army Court of Criminal Appeals) approved a guilty finding of the lesser charge of unpremeditated murder and a 45-year sentence. United States v. Gilliam, 47 C.M.R. 649 (A.C.M.R. 1973). The Court of Military Appeals (now the Court of Appeals for the Armed Forces) affirmed. United States v. Gilliam, 48 C.M.R. 260 (C.M.A. 1974).

Gilliam filed a section 2241 petition on October 20, 1998, seeking relief from his 1971 murder conviction on the ground that the Army had given him LSD (a hallucinogenic drug) without his knowledge and had hypnotized him to commit the murder. The district court dismissed the petition for lack of jurisdiction, reasoning that because Gilliam challenged the validity of his military conviction, his petition was, in reality, a 28 U.S.C. § 2255 petition which should have been filed in the court of conviction. We believe this conclusion fails to consider the manner by which military criminal prosecutions proceed.

The court-martial which tries criminal charges against a member of the military is convened--that is, comes into existence--only after charges have been preferred. After rendition of its verdict and sentence, the court-martial is disbanded. Strictly speaking, a person convicted in a court-martial proceeding may not file a section 2255 challenge in the court of conviction because, following conviction, that court ceases to exist. See United States v. DuBay, 37 C.M.R. 411, 413 n.2 (C.M.A. 1967) (noting that, unlike the civil courts, the court-martial structure does not allow for consideration of collateral issues by the trial court).

The practice in the military courts confirms the lack of a formal method by which collateral challenges may be prosecuted. In United States v. Murphy, 50 M.J. 4

(C.A.A.F. 1998), the Court of Appeals for the Armed Forces (the highest military tribunal) considered an appeal by an Army sergeant convicted of murder and other offenses. Along with "classic appellate issues relating to trial," the defendant sergeant raised, and the court considered, "numerous collateral attacks on his conviction, primarily based upon his claims of ineffective assistance of counsel." Id. at 5. By way of explaining its consideration of the collateral challenges, the court said

> Unlike the practice in the United States Circuit Courts of Appeal and District Courts, neither the UCMJ [Uniform Code of Military Justice] nor the Manual for Courts-Martial, United States, 1984, provides procedures for collateral, post-conviction attacks on guilty verdicts. See 28 U.S.C. § 2255, et seq. Nevertheless, we have relied upon a variety of procedures to ensure that a military accused's rights are fully protected. See, e.g., United States v. Henry, 42 MJ 231, 238 (1995) (remanded to Court of Criminal Appeals for consideration of affidavits of respective parties); United States v. DuBay, 17 USCMA 147, 37 CMR 411 (1967) (evidentiary hearing).

Id. at 5-6. Based on the defendant's claims of ineffective counsel, the Murphy court granted the defendant relief from the death sentence. In United States v. Walters, 45 M.J. 165 (C.A.A.F. 1996), Chief Judge Cox concurred in the denial of relief on the defendant's claim of ineffective counsel, but "once again urge[d] the Joint-Service Committee on Military Justice to consider and recommend to the President a procedure by which collateral attacks on courts-martial might be litigated." Id. at 167.

Both Murphy and Walters suggest that the Court of Appeals for the Armed Forces--while noting that military courts have managed to address collateral issues raised by military defendants--has concluded that section 2255 is not available for bringing collateral challenges to military convictions.

The Supreme Court in Gusik v. Schilder, 340 U.S. 128 (1950), established the general rule that habeas corpus petitions from military prisoners should not be entertained by federal civilian courts until all available remedies within the military court system have been exhausted. In Burns v. Wilson, 346 U.S. 137 (1953), the Court held that federal civil courts, while they have jurisdiction over a habeas petition from a military prisoner, must defer to the decision of the military court if that court has given fair consideration to the claims advanced in the habeas petition. Id. at 142-44.

In Schlomann v. Ralston, 691 F.2d 401 (8th Cir. 1982), cert. denied, 459 U.S. 1221 (1983), we denied habeas relief in a case with substantial parallels to Gilliam's case. Schlomann (like Gilliam) was a military prisoner at the United States Medical Center who had been convicted by a general court-martial of murder and other offenses. He filed two habeas petitions (presumably pursuant to section 2241, although this is not specified in the opinion), alleging that he was insane at the time of trial and that counsel was ineffective for failing to press the competency issue. We affirmed the district court's dismissal of the habeas petition, but reviewed the merits of the claims. We found the military Board of Review's determination of Schlomann's sanity at the time of the offense sufficiently probative on the issue of his competency to stand trial and concluded that his attorneys had made a reasonable tactical decision not to press the trial competence claim. Id. at 403-04.

Recently, the Supreme Court has again noted the availability of section 2241 as a means for a person convicted by court-martial to seek habeas relief after exhausting his direct military appeals and such post-conviction remedies as he may have under the Uniform Code of Military Justice. Clinton v. Goldsmith, ___ U.S. ___, 119 S. Ct. 1538, 1543 n.11 (1999).

Accordingly, we reverse the district court order dismissing Gilliam's section 2241 petition for lack of jurisdiction and remand the case to the district court for further proceedings. We do not by this action express an opinion regarding either the merits

of Gilliam's claim or his exhaustion of any military remedies that may have been available to him to press that claim, but leave those determinations in the first instance to the district court.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.