**UNITED STATES AIR FORCE COURT OF CRIMINAL APPEALS**

**UNITED STATES**

**v.**

**Staff Sergeant MICHAEL R. SHEA JR.**
**United States Air Force**

**ACM S32220**

**4 June 2015**

Sentence adjudged 13 December 2013 by SPCM convened at Luke Air Force Base, Arizona. Military Judge: Joseph S. Kiefer (sitting alone).

Approved Sentence: Bad-conduct discharge, confinement for 3 months, forfeiture of $500.00 dollars pay per month for 3 months, and reduction to E-1.

Appellate Counsel for the Appellant: Major Nicholas D. Carter and Major Isaac C. Kennen.

Appellate Counsel for the United States: Major Daniel J. Breen; Captain Richard J. Schrider; and Gerald R. Bruce, Esquire.

Before

ALLRED, HECKER, and TELLER
Appellate Military Judges

OPINION OF THE COURT

This opinion is issued as an unpublished opinion and, as such, does not serve as precedent under AFCCA Rule of Practice and Procedure 18.4.

TELLER, Judge:

The appellant was convicted, after mixed pleas, at a special court-martial composed of a military judge sitting alone, of two specifications of attempted indecent visual recording and one specification of indecent visual recording and indecent viewing, in violation of Articles 80 and 120c, UCMJ, 10 U.S.C. §§ 880, 920c. The court sentenced him to a bad-conduct discharge, 3 months of confinement, forfeiture of

$500.00 pay per month for 3 months, and reduction to E-1. The convening authority approved the sentence as adjudged.

The appellant argues that the conviction for indecent viewing should be reversed because the Article 120c(a)(1), UCMJ, proscription on knowingly and wrongfully viewing the private area of another does not criminalize viewing a recording of a person's private area. While we do not reach the issue of whether viewing such a recording can ever violate Article 120c(a)(1), UCMJ, we agree that the appellant's viewing of the recording did not violate the statute. Accordingly, we dismiss Specification 1 of Charge II and reassess the appellant's sentence below.

*Background*

On 19 August 2013, the appellant placed a small digital video camera in a bathroom of the squadron building, hoping to record a female Airman while she changed her clothes. The recording briefly showed the appellant setting up the camera, and then captured the female Airman as she changed from her uniform into physical fitness apparel. The images met the legal definition for a recording of the Airman's private area. At the time of the recording, the Airman had a reasonable expectation of privacy in the bathroom and she did not consent to being viewed or being recorded. While the appellant had no means of observing the recording as the victim was changing, he recovered the video camera and later watched the video on his wife's laptop computer.

In addition to the successful recording on 19 August, the appellant tried to record the same female Airman on two other occasions, in December 2012 and August 2013. During the final attempt, the victim spotted the camera and, due to her suspicions related to the previous incident, confronted the appellant via text message. The appellant denied involvement. After unsuccessfully trying to see what was on the camera, the victim turned it over to her first sergeant. An investigation ensued and after some initial denials, the appellant made a full confession.

The appellant pled guilty to one specification of attempted indecent visual recording for the incident where the victim seized the camera and one specification of making an indecent visual recording for the 19 August incident. He pled not guilty to, but was convicted of, attempted indecent visual recording for the December 2012 incident and indecent viewing of the 19 August recording.

*Legal Sufficiency*

The appellant argues that the conviction for indecent viewing is legally insufficient because that offense does not encompass the viewing of a recording of

someone's private area.[1]  We review issues of legal sufficiency de novo.  *United States v. Washington*, 57 M.J. 394, 399 (C.A.A.F. 2002).

"The test for legal sufficiency of the evidence is 'whether, considering the evidence in the light most favorable to the prosecution, a reasonable factfinder could have found all the essential elements beyond a reasonable doubt.'"  *United States v. Turner*, 25 M.J. 324, 325 (C.M.A. 1987), *as quoted in United States v. Humpherys*, 57 M.J. 83, 94 (C.A.A.F. 2002).  "[I]n resolving questions of legal sufficiency, we are bound to draw every reasonable inference from the evidence of record in favor of the prosecution."  *United States v. Barner*, 56 M.J. 131, 134 (C.A.A.F. 2001).  Our assessment of legal sufficiency is limited to the evidence admitted at trial.  *United States v. Dykes*, 38 M.J. 270, 272 (C.M.A. 1993).

Our analysis of the legal sufficiency of the evidence turns upon the meaning of the word "views" in Article 120c, UCMJ, which is a question of statutory construction.

> As in all statutory construction cases, we begin with the language of the statute.  The first step is to determine whether the language at issue has a plain and unambiguous meaning with regard to the particular dispute in the case.  The inquiry ceases if the statutory language is unambiguous and the statutory scheme is coherent and consistent.

*Barnhart v. Sigmon Coal Co.*, 534 U.S. 438, 450 (2002), *as quoted in United States v. McPherson*, 73 M.J. 393, 395 (C.A.A.F. 2014).  "Whether the statutory language is ambiguous is determined 'by reference to the language itself, the specific context in which that language is used, and the broader context of the statute as a whole.'"  *McPherson*, 73 M.J. at 395 (quoting *Robinson v. Shell Oil Co.*, 519 U.S. 337, 341 (1997)).

Article 120c(a), UCMJ, reads:

> *Indecent Viewing, Visual Recording, or Broadcasting*.  Any person subject to this chapter who, without legal justification or lawful authorization—

---

[1] Although the appellant phrases the issue presented as whether this court "should adopt the position taken by the United States Navy-Marine Corps Court of Criminal Appeals in *United States v. Quick*," 74 M.J. 517 (N.M. Ct. Crim. App. 2014), we note that the court resolved *Quick* on the basis of whether the specification in that case failed to state an offense.  The specification in *Quick* used language that differed materially from Article 120c, UCMJ, 10 U.S.C. § 920c.  *Id.* at 520.  Because the specification at issue here mirrors the statutory language exactly, we construe the appellant's argument as challenging the legal sufficiency of the evidence admitted at trial to prove a violation of the statute.  The analysis section of the appellant's brief takes that approach.

(1) knowingly and wrongfully views the private area of another person, without that other person's consent and under circumstances in which that other person has a reasonable expectation of privacy;

(2) knowingly photographs, videotapes, films, or records by any means the private area of another person, without that other person's consent and under circumstances in which that other person has a reasonable expectation of privacy; or

(3) knowingly broadcasts or distributes any such recording that the person knew or reasonably should have known was made under the circumstances proscribed in paragraphs (1) and (2); is guilty of an offense under this section and shall be punished as a court-martial may direct.

*Manual for Courts-Martial, United States* (*MCM*), Part IV, ¶ 45c.a.(a) (2012 ed.).

Here, the parties argue two different meanings of the word "views" in Article 120c(a)(1), UCMJ. The appellant argues that viewing a person does not include viewing a recording (and presumably any indirect visual representation) of a person. The government argues a broader interpretation, that viewing includes viewing a recorded image of the person as well as viewing that person directly. Since both are plausible interpretations of the word "view" in the context of this statute, we find that the term is ambiguous and proceed to an examination of the overall statutory scheme to derive congressional intent.

The appellant, in support of his interpretation, adopts two lines of reasoning from the recent United States Navy-Marine Corps Court of Criminal Appeals decision in *United States v. Quick*, 74 M.J. 517 (N.M. Ct. Crim. App. 2014). First, he argues the explicit proscription of making and broadcasting visual recordings suggests that the absence of any similar proscription of viewing a recording indicates congressional intent not to proscribe such conduct. *See id*. at 520–21. Second, without application to the facts of this case, the appellant quotes *Quick*'s discussion of the potential that any construction of Article 120c, UCMJ, that criminalizes viewing a visual recording would be so overbroad that it would render the statute constitutionally infirm. *See id*. at 521.

We are not convinced by the appellant's first argument. While its absence from Article 120c(a)(3), UCMJ, may indicate Congress intended to exclude viewing a recording from the reach of that section, it does not reasonably exclude the possibility Congress intended it to be covered by an earlier section of the same statute. Indeed, the government argues that Congress intended to prohibit all wrongful, nonconsensual viewing of a person's private area in Subsection (1). If so, there would be no need to

include a redundant proscription in Subsection (3). We find both potential interpretations plausible. Accordingly, we must turn to other analytical tools to determine Congress' intent.

We are similarly unconvinced by the appellant's argument that we must interpret Article 120c(a)(1), UCMJ, to exclude viewing of a recorded image to avoid giving the statute an unconstitutionally overbroad reach. Applying the statutory requirement of knowledge to both the consent and expectation of privacy elements would abate the concern raised in the *Quick* decision that the statute would criminalize "the mere viewing of a recording of indecent material." *Id*. at 521.

We are also unconvinced by the government's argument that Congress intended to criminalize the appellant's viewing of the recorded image no matter how far removed in time such viewing occurred from the underlying breach of privacy. The statute proscribes "knowingly and wrongfully view[ing] the private area of another person, without that other person's consent and *under circumstances in which that other person has a reasonable expectation of privacy*." *MCM*, Part IV, ¶ 45c.a.(1) (emphasis added). We find it significant that the statute specifies the circumstances under which the viewing must occur.[2] In order to credit the government interpretation of the statute, we would not only have to interpret the term "view" to include direct and indirect viewing, but also read into the statute words that are not there. We would have to find, despite the lack of any such language, that Congress intended to say "under circumstances in which that other person has, *or at the time of the making of an image or recording had,* a reasonable expectation of privacy." Congress explicitly used such language in Subsection (3), and we therefore decline to read such an intent into Subsection (1).[3]

Reading the language of Article 120c(a)(1), UCMJ, in the context of the remainder of Article 120c, UCMJ, we find that Congress intended to proscribe the knowing and wrongful viewing, by direct or indirect means, of the private area of another person, without that other person's consent during the existence of circumstances in which that other person has a reasonable expectation of privacy.[4] All of the evidence at trial

---

[2] Although not dispositive, we note that the standard *Benchbook* element concerning the victim's expectation of privacy reads: "That under the circumstances at the time of the charged offense, (state the name of the alleged victim) had a reasonable expectation of privacy." Department of the Army Pamphlet 27-9, *Military Judges' Benchbook*, ¶ 3-45c-1 (1 January 2010).

[3] Even if we adopted the interpretation advanced by the government, the conviction would still be legally insufficient. Although the government offered evidence the appellant viewed the recording during the evening of 29 August 2015, they produced no evidence at trial of the victim's expectation of privacy at the time the appellant viewed the recording. Accordingly, no reasonable finder of fact could have found that the appellant viewed the recording "under circumstances in which [the victim] has a reasonable expectation of privacy" because no evidence of the victim's circumstances at the time of the viewing was admitted. Article 120c(a)(1), UCMJ. We concede that expecting such evidence seems absurd. The absurdity, however, illustrates the improbability that Congress intended the language of Subsection (1) to criminalize viewing such recordings after the invasion of privacy ended.

[4] While making a recording under circumstances in which the victim has a reasonable expectation of privacy would also violate the plain language of Article 120c(a)(3), UCMJ, there may be circumstances where the contemporaneous viewing of a recorded image constitutes a separately punishable offense. For example, viewing

indicated that the appellant did not view the recording until later that evening. Accordingly, even though we consider the evidence in the light most favorable to the prosecution and draw every reasonable inference in their favor, we find Specification 1 of Charge II legally insufficient and dismiss the specification.

*Sentence Reassessment*

This court has "broad discretion" when reassessing sentences. *United States v. Winckelmann*, 73 M.J. 11, 12 (C.A.A.F. 2013). However, before reassessing a sentence, we must be confident "that, absent the error, the sentence would have been of at least a certain magnitude." *United States v. Doss*, 57 M.J. 182, 185 (C.A.A.F. 2002) (citing *United States v. Sales*, 22 M.J. 305, 307 (C.M.A. 1986)).

In this case, the military judge merged Specification 1 and Specification 2 of Charge II for sentencing purposes. Since our findings do not affect Specification 2 of Charge II, we can be confident that the military judge would have imposed the same sentence. Accordingly, we reassess the sentence to the adjudged and approved sentence.

*Conclusion*

We find the conviction of Specification 1 of Charge II legally insufficient, and we set aside that finding. The remainder of the findings and the sentence, as reassessed, are correct in law and fact, and no error materially prejudicial to the substantial rights of the appellant occurred. Articles 59(a) and 66(c), UCMJ, 10 U.S.C. §§ 859(a), 866(c). Accordingly, the approved findings and sentence are **AFFIRMED**.



FOR THE COURT

STEVEN LUCAS
Clerk of the Court

---

may entail a larger risk of discovery and confrontation, or in a case where the recording is constantly overwritten or not otherwise retained, the contemporaneous viewing may constitute the more harmful breach of privacy than the transitory recording itself.