# UNITED STATES AIR FORCE COURT OF CRIMINAL APPEALS

## UNITED STATES

**v.**

## Staff Sergeant JEFFERY L. LEWIS
### United States Air Force

## ACM 38727

## 20 April 2016

Sentence adjudged 5 June 2014 by GCM convened at Francis E. Warren Air Force Base, Wyoming. Military Judge: Matthew S. Ward.

Approved Sentence: Bad-conduct discharge, confinement for 2 months, and reduction to E-4.

Appellate Counsel for Appellant: Captain Lauren A. Shure.

Appellate Counsel for the United States: Major Mary Ellen Payne; Major Meredith L. Steer; and Gerald R. Bruce, Esquire.

Before

ALLRED, TELLER, and MAYBERRY
Appellate Military Judges

OPINION OF THE COURT

This opinion is issued as an unpublished opinion and, as such, does not serve as precedent under AFCCA Rule of Practice and Procedure 18.4.

TELLER, Senior Judge:

Appellant was convicted, contrary to his plea, by a military judge sitting alone of abusive sexual contact in violation of Article 120, UCMJ, 10 U.S.C. § 920. The court sentenced him to a bad-conduct discharge, 2 months of confinement, and reduction to E-4. The sentence was approved, as adjudged, on 12 December 2015.

Appellant argues that the evidence is factually and legally insufficient to support his conviction and asserts that he is entitled to relief for unreasonable post-trial delay for the 190 days that elapsed between the conclusion of trial and convening authority action.

Finding no error that materially prejudices a substantial right of Appellant, we affirm the findings and sentence.

*Background*

The charge in this case arose from an incident in the early morning hours of 8 September 2012 between Appellant and the victim, who was a first lieutenant from Appellant's squadron. After a night out drinking and socializing with a friend, the victim went to an all-night restaurant where he and his friend encountered Appellant. Despite being in the same unit, Appellant and the victim had only met each other in passing. The victim had been drinking, but remained aware of his surroundings and was able to functionally walk and interact with others. Although the sequence of events was unclear, a plan to go back to Appellant's apartment with some friends emerged. After arriving at the apartment, Appellant decided to go out to see if some friends wanted to join the party. The victim volunteered to accompany him. Appellant drove to the apartment complex of his friends and left the car to talk with them. The victim stayed in the car. Appellant returned alone, explaining that the friends had changed their minds. Appellant got back in the car and started driving back towards his apartment.

During the return trip, the conversation turned to sex before leading to the sexual contact alleged in the charge. The victim, in an attempt to ease Appellant's frustration at his friends' decision not to join them, began to talk up Appellant's ego. In the course of the ensuing conversation, Appellant disclosed that he was bisexual, and offered to perform oral sex on the victim or masturbate him. The victim demurred, expressing appreciation, but telling Appellant he was heterosexual and not interested. Appellant persisted, causing the victim to refuse more insistently, and Appellant eventually ceased his advances. The victim noticed that they were taking an indirect route and asked the Appellant about it. Appellant said he liked to take the long way, and the victim did not raise any concerns. Some time later, the victim fell asleep. The victim awoke to find the car stopped by the side of the road, his belt and pants undone, and Appellant reaching beneath the victim's underwear and fondling his penis. The victim panicked, shoving Appellant's hand away and briefly trying without success to get out of the car. Appellant drove back to his apartment complex where the victim, who by that time was very distressed, met up with his friend and went home. The victim did not report the incident until months later.

Through cross-examination of Government witnesses and the testimony of a forensic psychologist, Appellant attempted to undermine the case against him. The victim was cross-examined about inconsistencies in the evidence, previous statements possibly relating to instances of unwanted sexual contact in college, and an alleged motive to fabricate the allegations to avoid getting in trouble for socializing with enlisted personnel. The psychologist testified that the victim displayed an emotional reaction that was "at the outer range of psychological and physical reactions that [he had] read about and seen."

Appellant argued that the victim's reaction, especially under the specific facts of the alleged assault, was so extreme that it raised questions about the veracity of his account.

*Factual and Legal Sufficiency*

Appellant first argues that the evidence is legally and factually insufficient to sustain his conviction. We review issues of factual and legal sufficiency de novo. *United States v. Washington*, 57 M.J. 394, 399 (C.A.A.F. 2002).

"The test for factual sufficiency 'is whether, after weighing the evidence in the record of trial and making allowances for not having personally observed the witnesses, [we are] convinced of the [appellant]'s guilt beyond a reasonable doubt.'" *United States v. Reed*, 54 M.J. 37, 41 (C.A.A.F. 2000) (quoting *United States v. Turner*, 25 M.J. 324, 325 (C.M.A. 1987)). In conducting this unique appellate role, we take "a fresh, impartial look at the evidence," applying "neither a presumption of innocence nor a presumption of guilt" to "make [our] own independent determination as to whether the evidence constitutes proof of each required element beyond a reasonable doubt." *Washington*, 57 M.J. at 399.

"The test for legal sufficiency of the evidence is 'whether, considering the evidence in the light most favorable to the prosecution, a reasonable factfinder could have found all the essential elements beyond a reasonable doubt.'" *United States v. Humpherys*, 57 M.J. 83, 94 (C.A.A.F. 2002) (quoting *Turner*, 25 M.J. at 324). The term reasonable doubt does not mean that the evidence must be free from conflict. *United States v. Lips*, 22 M.J. 679, 684 (A.F.C.M.R. 1986). "[I]n resolving questions of legal sufficiency, we are bound to draw every reasonable inference from the evidence of record in favor of the prosecution." *United States v. Barner*, 56 M.J. 131, 134 (C.A.A.F. 2001). Our assessment of legal and factual sufficiency is limited to the evidence produced at trial. *United States v. Dykes*, 38 M.J. 270, 272 (C.M.A. 1993).

After conducting our own review of the record, we find the evidence both legally and factually sufficient. Viewing the evidence in the light most favorable to the Government, we find it legally sufficient to sustain the conviction. The only direct evidence in the record of the incident itself came from the victim. The military judge could reasonably have believed the victim's account, despite any inconsistencies. Appellant's argument that the victim fabricated the story to avoid getting in trouble for socializing with enlisted personnel was substantially undermined by the extended delay between the incident and the victim's report of the offense. The victim's testimony, if believed, established all the elements of the offense. After making allowances for not having observed the witnesses directly, and applying neither a presumption of innocence nor a presumption of guilt, we ourselves are also convinced of Appellant's guilt beyond a reasonable doubt.

*Post-trial Delay*

Appellant next asserts that this court should grant him meaningful relief in light of the 190 days that elapsed between completion of trial and the convening authority's action. Courts apply a presumption of unreasonable delay "where the action of the convening authority is not taken within 120 days of the completion of trial." *United States v. Moreno*, 63 M.J. 129, 142 (2006). Appellant does not assert any specific prejudice beyond incarceration in accordance with his sentence, but argues that we should, nonetheless, grant relief either for denial of due process or as a matter of sentence appropriateness under *United States v. Tardif*, 57 M.J. 219, 223–24 (C.A.A.F. 2002).

We review de novo an appellant's claim that he has been denied his due process right to a speedy post-trial review and appeal. *Moreno*, 63 M.J. at 135. Because the 190-day period in this case is facially unreasonable, we examine the claim under the four factors set forth in *Barker v. Wingo*, 407 U.S. 514, 530 (1972): "(1) the length of the delay; (2) the reasons for the delay; (3) the appellant's assertion of the right to timely review and appeal; and (4) prejudice." *Moreno*, 63 M.J. at 135. If we are able to conclude that any error was harmless beyond a reasonable doubt, we do not need to engage in a separate analysis of each factor. *See United States v. Allison*, 63 M.J. 365, 370 (C.A.A.F. 2006).

Appellant does not argue any particularized prejudice from the delay. Appellant accurately identifies the interests we consider in evaluating prejudice: the prevention of oppressive incarceration pending appeal, minimization of anxiety and concern of those convicted awaiting the outcome of their appeals, and limitation of any impairment on the ability to demonstrate grounds for relief upon appeal. He asserts only that awaiting the decision of the convening authority caused him "grave stress and anxiety." Under *Moreno*, an appellant must "show particularized anxiety or concern that is distinguishable from the normal anxiety experienced by prisoners awaiting an appellate decision." *Moreno*, 63 M.J. at 140. Appellant has not done so in this case. While we agree that *Moreno* violations are unacceptable, we find beyond a reasonable doubt that Appellant was not harmed by the 70-day delay and is, thus, not entitled to relief under *Moreno*.

A finding of harmless error does not end the inquiry, as we may grant sentence relief under Article 66(c), UCMJ, 10 U.S.C. § 866(c), for excessive post-trial delay without the showing of actual prejudice required by Article 59(a), UCMJ, 10 U.S.C. § 859(a). *Tardif*, 57 M.J. at 224; *see also United States v. Harvey*, 64 M.J. 13, 24–25 (C.A.A.F. 2006). In *United States v. Gay*, 74 M.J. 736, 744 (A.F. Ct. Crim. App. 2015), we identified a list of factors to consider in evaluating whether Article 66(c), UCMJ, relief should be granted for post-trial delay. Those factors include how long the delay exceeded appellate review standards, the reasons for the delay, whether the government acted with bad faith or gross indifference, evidence of institutional neglect, harm to the appellant or to the institution, whether relief is consistent with the goals of both justice and good order and discipline,

and whether this court can provide meaningful relief. *Id.* No single factor is dispositive and we may consider other factors as appropriate. *Id.*

We have examined the entirety of the post-trial process. The length of the delay was substantial, but not egregious. Although the delay was primarily due to workload, a matter within the control of the Government, we find no evidence of bad faith in that respect. The Government sought transcription assistance to minimize processing time. As discussed above, Appellant suffered no particularized harm beyond that of any prisoner awaiting review of their case. In light of the convening authority's ultimate decision not to grant any relief, we do not discern any injustice in the delay. We also note that, according to Appellant's motions in this case, he is no longer confined, so we would not be able to directly address what little harm he has alleged by disapproving some part of the sentence to confinement. In short, we detect nothing that would suggest this is a case in which the public's perception of the fairness and integrity of the system could reasonably be questioned. We, therefore, decline to grant *Tardif* relief.

*Conclusion*

The approved findings and sentence are correct in law and fact, and no error materially prejudicial to the substantial rights of Appellant occurred. Articles 59(a) and 66(c), UCMJ. Accordingly, the approved findings and sentence are **AFFIRMED**.

FOR THE COURT

LEAH M. CALAHAN
Clerk of the Court

ACM 38727