**UNITED STATES, Appellee**

v.

**James C. TRUE, Airman 1st Class U.S. Air Force, Appellant.**

No. 93–1289.
CMR No. 29616.

U.S. Court of Appeals for the Armed Forces.

Argued Oct. 11, 1994.

Decided Feb. 28, 1995.

For Appellant: *Kenneth G. Gale* (argued); *Colonel Jay L. Cohen* and *Captain Robert I. Smith* (on brief).

For Appellee: *Major John H. Kongable* (argued); *Colonel Jeffery T. Infelise* (on brief); *Captain Timothy G. Buxton.*

*Opinion of the Court*

COX, Judge:

1. Appellant was tried by general court-martial composed of officer and enlisted members. Contrary to his pleas, he was convicted of rape and indecent assault, in violation of Articles 120 and 134, Uniform Code of Military Justice, 10 USC §§ 920 and 934, respectively. He was sentenced to a dishonorable discharge, confinement for 5 years, total forfeitures, and reduction to the lowest enlisted grade. The convening authority approved the sentence, and the Court of Military Review[1] affirmed these results.

2. We granted review of the following issues:

---

1. *See* 41 MJ 213, 229 n. * (1994).

## I

WHETHER THE MILITARY JUDGE ERRED BY INSTRUCTING THE MEMBERS THAT A REASONABLE MISTAKE OF FACT IS NOT A DEFENSE TO RAPE IF THE ACCUSED NEGLIGENTLY FAILED TO DISCOVER THE TRUE FACTS.

## II

WHETHER THE MILITARY JUDGE ERRED BY EXCLUDING EVIDENCE OF THE ACCUSED'S REPUTATION FOR PEACEABLENESS.

### FACTS

3. Appellant shared a two-room suite with Sergeant (Sgt) Watts, Airman First Class (A1C) Swinney, and a fourth airman who was deployed. On May 25, 1991, the victim, Sgt S, was invited by one of her girlfriends, A1C Ice, to join a group for an evening out. After having a beer, Sgt S accompanied A1C Ice to Sgt Watts' room. When they arrived, A1C Ice introduced Sgt S to appellant. They were joined by Airman Ulrey, and the four drank rum-and-Cokes and listened to music.

4. Later on, Sgt Watts drove the group to Costa's, an off-base gasthaus. He returned after dropping them off because he had to babysit a friend's child that evening. Appellant asked Sgt S to dance but she declined, responding, "Maybe later." They never danced and except for that brief exchange, were not together that evening. While at Costa's, Sgt S had two or three more drinks.

5. At 2:00 a.m., everyone in the group except appellant returned to Sgt Watts' room. Feeling intoxicated, Sgt S drank some soup and later fell asleep on a couch. Appellant returned home after Sgt S had fallen asleep. At approximately 5:00 a.m., A1C Ice asked Sgt Watts to walk her home. She attempted unsuccessfully to wake Sgt S, so Sgt Watts suggested it would not be a problem for her to remain there. CMR unpub. op. at 2.

6. A short period after Sgt. Watts and A1C Ice left, appellant walked over to Sgt. S. [Although appellant now admits that the victim was asleep at the time of the incident, he argues that at that point he thought she was awake because he claims he saw her open her eyes and that is when he approached her. Final Brief at 15.] He kissed her, fondled her breast, removed her shorts and underwear; then he licked his finger and inserted it into her vagina up to the second knuckle. He then licked her vagina and sucked on her nipple. Appellant proceeded to undress and penetrate Sgt S. Feeling something, Sgt S awoke. Upon realizing appellant was inside her, she jumped up, and they argued. She left the room and reported the incident to the security police. Final Brief at 4.

### ISSUES

#### I

7. Appellant raised the defense of mistake of fact and thus, the military judge gave the following instructions to the panel:

Members, in this case the evidence has raised an issue of mistake on the part of the accused, Airman First Class True, concerning whether the victim in this case consented to the act of sexual intercourse in relation to the offense of rape. If the accused, Airman First Class True, mistakenly believed that the victim was consenting to the act of sexual intercourse, then he is not guilty of the offense of rape if his belief was reasonable. To be reasonable the belief must have been based on information or lack of it which would indicate to a reasonable person that the victim consented. Additionally, the mistake cannot be based on a negligent failure to discover the true facts.

These instructions are excerpted directly from paragraph 5–11(II), Military Judges' Benchbook at 5–22 (Dept. of the Army Pamphlet 27–9 (Change 1, February 15, 1985)). Appellant now contends that this instruction was in error because it permitted the members to convict him based solely on a negligence standard.

8. "An honest and reasonable mistake of fact as to the victim's lack of consent is an available defense to a charge of rape." *United States v. Taylor*, 26 MJ 127, 128 ¶ 3 (CMA 1988); *United States v. Baran*, 22 MJ 265, 267 ¶ 10 (CMA 1986); *United States v. Carr*, 18 MJ 297, 301 ¶ 13 (CMA 1984). *See* RCM 916(j), Manual for Courts–Martial, United States, 1984. When the evidence raises this issue, a proper instruction is to be given by the military judge. *See United States v. Tatum*, 36 MJ 302, 304 ¶ 12 (CMA 1993); *United States v. Buckley*, 35 MJ 262, 263 ¶ 7 (CMA 1992), *cert. denied*, —— U.S. ——, 113 S.Ct. 1365, 122 L.Ed.2d 743 (1993). Because the mistake must be honest and reasonable, not every mistake suffices. The mistaken belief must be true and sincere rather than feigned or mere pretext, and it must be reasonable.

9. The association of the term "reasonable" with other phrases such as diligent, suitable, fair, rational, or utilizing due care, is not new to the law. Recently, we stated:

> It would seem that one is not being reasonable if one is being reckless or negligent. Thus it would seem that for one reasonably to believe something, one must have taken such measures as to not be reckless or negligent with respect to the truth of the matter. In other words, one must be seen as exercising due care with respect to the truth of the matter in issue.

*United States v. Greaves*, 40 MJ 432, 437 n. 5 (CMA 1994). *See also United States v. Lewis*, 6 MJ 581 (ACMR 1978), *pet. denied*, 6 MJ 194 (1979); R. Perkins and R. Boyce, *Criminal Law* 1045–46 (3d ed. 1982); *State v. Dizon*, 47 Haw. 444, 390 P.2d 759, 769 ¶ 34 (1964) ("The rule allowing a defense to a crime considered *malum in se* because of a mistake of fact is subject to the qualification that the mistake must not be due to the negligence or carelessness of the defendant."), *citing* 1 Wharton, *Criminal Law and Procedure* § 157 at 382 (1957); 22 C.J.S. Criminal Law § 47 at 182; 15 Am Jur, Criminal Law § 306 at 9.[2]

10. We conclude, therefore, that the instruction that a mistake-of-fact defense cannot be predicated on appellant's own negligence is a correct statement of the law; thus, the military judge did not err in so instructing.

## II

11. At trial, defense counsel sought to admit evidence of appellant's character for lawfulness and peaceableness. His argument was that both of these traits were relevant to prove the reasonableness of his mistake-of-fact defense. The Government objected to admitting evidence of appellant's peaceableness, arguing that it had already been stipulated that the victim was asleep when the incident occurred and that, other than the penetration itself, there was no violence or force alleged so that this type of evidence was irrelevant. The military judge agreed with the Government and permitted defense counsel to pursue questioning only as it pertained to lawfulness.

12. Mil.R.Evid. 404, Manual, *supra*, governing admissibility of character evidence, states in relevant part:

(a) *Character evidence generally.* Evidence of a person's character or a trait of a person's character is not admissible for the purpose of proving that the person acted in conformity therewith on a particular occasion, except:

(1) *Character of accused.* Evidence of a pertinent trait of the character of the accused, offered by an accused, or by the prosecution to rebut the same.

13. This Court has recognized that evidence of peaceableness may be admissible in rape cases under Mil.R.Evid. 404. *United States v. Credit*, 8 MJ 190 (CMA 1980). The

---

2. This notion of deliberate ignorance or willfully "closing one's eyes" has also been widely used to negate mistake-of-fact defenses in drug smuggling cases. *See United States v. Newman*, 14 MJ 474 (CMA 1983); *United States v. Aulet*, 618 F.2d 182, 190–91 ¶ 19 (2d Cir.1980); *United States v. Batencort*, 592 F.2d 916, 918 ¶ 7 (5th Cir.1979); *United States v. Callahan*, 588 F.2d 1078 (5th Cir.), *cert. denied*, 444 U.S. 826, 100 S.Ct. 49, 62 L.Ed.2d 33 (1979); *United States v. Muscarella*, 585 F.2d 242, 252 ¶ 34 (7th Cir.1978); *United States v. Cordoba–Hincapie*, 825 F.Supp. 485 (E.D.N.Y.1993).

question thus is whether the military judge abused his discretion in not admitting evidence of appellant's peaceful nature. *United States v. Spata,* 34 MJ 284 (CMA 1992). We hold there was no prejudicial abuse of discretion in this case.[3]

14. First, there was no contention by the Government that appellant was not a "peaceable" person. Secondly, the four witnesses who testified regarding appellant's lawful character were the same four who were to answer questions regarding appellant's peaceableness. The first witness testified appellant performed his job well, was dependable, reliable, and that if he (the witness) had to go to war, he would want to be deployed with appellant. Additional statements elicited from the other witnesses included such comments as appellant was "mature," "a pretty mellow guy," not aggressive even when drunk, "easygoing," and never saw him doing anything "threatening or violent to anybody." Therefore, even had the military judge erred, we would find in light of the above commentaries that appellant was not prejudiced. While evidence of peaceableness and lawfulness is not completely synonymous, we are satisfied that testimony regarding appellant's peaceableness would have added little to the defense.

The decision of the United States Air Force Court of Military Review is affirmed.

Chief Judge SULLIVAN and Judges CRAWFORD, GIERKE, and WISS concur.

---

3. Even so, military judges should not be so stingy with this type of evidence for the defense. *See Michelson v. United States,* 335 U.S. 469, 69 S.Ct. 213, 93 L.Ed. 168 (1948).