# UNITED STATES AIR FORCE
# COURT OF CRIMINAL APPEALS

————————————

**No. ACM 38995**

————————————

**UNITED STATES**
*Appellee*

**v.**

**David C. CARPENTER, II**
Senior Airman (E-4), U.S. Air Force, *Appellant*

————————————

Appeal from the United States Air Force Trial Judiciary

Decided 21 April 2017

————————————

*Military Judge:* Matthew P. Stoffel.

*Approved sentence:* Dishonorable discharge, confinement for 2 years, forfeiture of all pay and allowances, and reduction to E-1. Sentence adjudged 9 December 2015 by GCM convened at Joint Base Lewis-McChord, Washington.

*For Appellant:* Captain Allen S. Abrams, USAF; Stephen H. Carpenter, Jr., Esquire.

*For Appellee:* Colonel Katherine E. Oler, USAF; Major Jeremy D. Gehman, USAF; Major Meredith L. Steer, USAF; Gerald R. Bruce, Esquire.

Before MAYBERRY, SANTORO, and HARDING, *Appellate Military Judges*.

Judge SANTORO delivered the opinion of the court, in which Senior Judge MAYBERRY and Judge HARDING joined.

————————————

**This is an unpublished opinion and, as such, does not serve as precedent under AFCCA Rule of Practice and Procedure 18.4.**

————————————

SANTORO, Judge:

A military judge sitting as a general court-martial convicted Appellant, contrary to his pleas, of sexually assaulting a 13-year-old boy, in violation of Article 120b, Uniform Code of Military Justice (UCMJ), 10 U.S.C. § 920b. The adjudged and approved sentence was a dishonorable discharge, confinement for two years, forfeiture of all pay and allowances, and reduction to E-1.

Appellant raises two assignments of error: (1) the evidence is factually and legally insufficient to sustain his convictions and (2) the military judge abused his discretion by excluding evidence offered pursuant to Mil. R. Evid. 412. We disagree and affirm.

## I. BACKGROUND

JM was the 13-year-old son of an active-duty Air Force technical sergeant living at Kadena Air Base, Japan. Appellant responded to a message JM posted on Craigslist seeking a sexual encounter. After communicating via Skype, Appellant and JM met and engaged in mutual fellatio and anal intercourse.

## II. DISCUSSION

### A. Legal and Factual Sufficiency

Appellant argues that the evidence is legally and factually insufficient to sustain his convictions. We review issues of legal and factual sufficiency de novo. *United States v. Washington*, 57 M.J. 394, 399 (C.A.A.F. 2002). The test for legal sufficiency is "whether, considering the evidence in the light most favorable to the prosecution, a reasonable factfinder could have found all the essential elements beyond a reasonable doubt." *United States v. Humpherys*, 57 M.J. 83, 94 (C.A.A.F. 2002) (quoting *United States v. Turner*, 25 M.J. 324, 324 (C.M.A. 1987)). In applying this test, "we are bound to draw every reasonable inference from the evidence of record in favor of the prosecution." *United States v. Barner*, 56 M.J. 131, 134 (C.A.A.F. 2001); *see also United States v. McGinty*, 38 M.J. 131, 132 (C.M.A. 1993).

The test for factual sufficiency is "whether, after weighing the evidence in the record of trial and making allowances for not having personally observed the witnesses, [we are] convinced of [Appellant]'s guilt beyond a reasonable doubt." *Turner*, 25 M.J. at 325. In conducting this unique appellate role, we take "a fresh, impartial look at the evidence," applying "neither a presumption of innocence nor a presumption of guilt" to "make [our] own independent determination as to whether the evidence constitutes proof of each required element beyond a reasonable doubt." *Washington*, 57 M.J. at 399. The phrase "beyond a reasonable doubt," however, does not mean that the evidence must

be free from conflict. *United States v. Lips*, 22 M.J. 679, 684 (A.F.C.M.R. 1986). Our assessment of legal and factual sufficiency is limited to the evidence produced at trial. *United States v. Dykes*, 38 M.J. 270, 272 (C.M.A. 1993).

Appellant concedes that the charged conduct occurred. He contends, however, that he believed JM was at least 16 years old and therefore able to consent to sexual activity. Although the prosecution was not required to prove Appellant knew that JM had not attained the age of 16 years at the time the sexual acts occurred, Appellant's honest and reasonable mistake of fact as to JM's age would be a defense. Article 120b(d)(2), UCMJ. Under this defense, JM must actually have been above the age of 12 and Appellant must have had an incorrect belief that JM was at least 16 years old. *Id*. The ignorance or mistake must have existed in Appellant's mind *and* must have been reasonable under all the circumstances as known to him. *See United States v. Goodman*, 70 M.J. 396, 399 (C.A.A.F. 2010); *United States v. Strode*, 43 M.J. 29, 32-33 (C.A.A.F. 1995). To be reasonable the ignorance or mistake must have been based on information, or lack of it, which would indicate to a reasonable person that JM was at least 16 years old, and the ignorance or mistake cannot be based on a negligent failure to discover the true facts. Department of the Army Pamphlet 27-9, *Military Judges' Benchbook,* ¶ 3–45b–2, Note 3 (10 Sep. 2014); *see also United States v. True*, 41 M.J. 424, 425 (C.A.A.F. 1995) (applying mistake of fact defense to a charge of rape of an adult and stating that "for one reasonably to believe something, one must have taken such measures as to not be reckless or negligent with respect to the truth of the matter."). Appellant bears the burden of proof to establish the defense by a preponderance of the evidence. Article 120b(d)(2), UCMJ.

It was not disputed that JM told Appellant he was either 19 or 20 years old. The Government's evidence included testimony that Appellant told JM he looked young for his age, that JM told Appellant he was on active duty and living in base housing (when Appellant knew that an adult single Airman would not be authorized to live in base housing). Finally, an Air Force Office of Special Investigations agent testified that Appellant lied to them about whether he had sex with JM.

Appellant testified that he believed JM was 19 years old and that had he known JM's true age, he would not have engaged in sexual conduct with him. He also testified that during a Skype session, JM told him that his drunk friend was nearby, causing Appellant to think that Appellant was old enough to have a friend who could consume alcohol. Additionally, Appellant testified that JM had pubic hair and seemed more sexually aware than one would expect of a 13-year old.

Both the Government and Appellant introduced photographs of JM. Unsurprisingly, the photographs selected depict JM in a light consistent with each side's theory of the case (i.e., the Government's photos make JM appear younger whereas Appellant's photos make JM appear older). The record does not contain a photograph of JM as he appeared at trial.

This case turns entirely on two things: the credibility of Appellant and JM's appearance and demeanor. Both are difficult—if not impossible—to divine from a cold reading of words in a transcript. This is why we give great deference to the trial court's ability to hear and see the witnesses when we conduct a factual-sufficiency review. "[T]he degree to which we 'recognize' or give deference to the trial court's ability to see and hear the witnesses will often depend on the degree to which the credibility of the witness is at issue." *United States v. Davis*, 75 M.J. 537, 546 (Army Ct. Crim. App. 2015) (en banc).

A reasonable factfinder could have concluded that Appellant failed to meet his burden to establish that he was both honestly and reasonably mistaken about JM's age. The evidence is therefore legally sufficient to support Appellant's convictions.

We have reviewed the evidence offered at trial, paying particular attention to Appellant's arguments and the evidence with respect to JM's purported age. Giving appropriate deference to the trial court's ability to see and hear the witnesses, and after our own independent review of the record, we are ourselves convinced of Appellant's guilt beyond a reasonable doubt.

## B. Admissibility of Craigslist Messages

The actual Craigslist message to which Appellant responded was apparently no longer available and not admitted into evidence. However, in addition to the message to which Appellant responded, JM posted several additional messages soliciting sexual encounters and stating that his age was variously 18, 19, or 20. These additional messages were posted after Appellant's encounter with JM, and Appellant never saw them. Trial defense counsel wanted to cross-examine JM to establish both that he lied about his age in those other messages and that he had sexual encounters with as many as six additional adult men he met as a result. The military judge precluded that testimony.

Appellant contends the military judge erred. We review a military judge's decision to admit or exclude evidence for an abuse of discretion. *United States v. White*, 69 M.J. 236, 239 (C.A.A.F. 2010). "The abuse of discretion standard is a strict one, calling for more than a mere difference of opinion. The challenged action must be 'arbitrary, fanciful, clearly unreasonable, or clearly er-

roneous.'" *United States v. Lloyd*, 69 M.J. 95, 99 (C.A.A.F. 2010) (quoting *United States v. McElhaney*, 54 M.J. 120, 130 (C.A.A.F. 2000)).

Under the version of Mil. R. Evid. 412 in effect at the time of Appellant's trial, evidence offered by the accused to show that the alleged victim engaged in other sexual behavior was inadmissible with three limited exceptions. The third exception stated that the evidence is admissible if "the exclusion of [it] would violate the constitutional rights of the accused." Mil. R. Evid. 412(b)(1)(C). This exception includes an accused's Sixth Amendment right to confront witnesses against him, including the right to cross-examine and impeach those witnesses. *United States v. Ellerbrock*, 70 M.J. 314, 318 (C.A.A.F. 2011).

If there is a theory of admissibility under one of the exceptions, the military judge must conduct the balancing test as outlined in Mil. R. Evid. 412(c)(3) and clarified by *United States v. Gaddis*, 70 M.J. 248, 250 (C.A.A.F. 2011). The test is whether the evidence is "relevant, material, and the probative value of the evidence outweighs the dangers of unfair prejudice." *Ellerbrock*, 70 M.J. at 318. Evidence is relevant if it has "any tendency to make the existence of any fact more probable or less probable than it would be without the evidence." Mil. R. Evid. 401. Evidence is material if it is "of consequence to the determination of appellant's guilt." *United States v. Dorsey*, 16 M.J. 1, 6 (C.M.A. 1983) (citations and quotation marks omitted).

Based on the posture of the case, JM's testimony that he lied to Appellant about his age, and Appellant's admission the sexual conduct occurred, the only remaining fact of consequence to the determination of Appellant's guilt was whether he mistakenly and reasonably believed *at the time of the sexual acts* that JM was at least 16 years old. We agree with the military judge that Craigslist messages JM posted after his encounter with Appellant, of which Appellant had no knowledge, could not possibly be relevant to Appellant's actual belief about JM's age.

Appellant also argued, however, that the sexualized language JM used in the messages and subsequent emails JM sent to other men suggested that he had knowledge beyond that of the ordinary 13-year old. This, he argues, would corroborate his subjective belief that JM was older than 13 and suggest that his subjective belief was objectively reasonable because JM "was adept at concealing his age." As noted by the military judge, this argument also fails because the relevant inquiry with regard to whether Appellant's belief about JM's age was objectively reasonable is based on the facts known to Appellant at the time of the conduct. Appellant was unaware of JM's messages or interaction with other men so that conduct was not relevant to Appellant's mistake-of-fact defense.

Finally, Appellant argues that other adult men's decisions to engage in sexual conduct with JM establish that Appellant's belief was objectively reasonable because, he posits, those other men would not have engaged in the conduct had they known JM's true age. Whatever probative value this argument might have—and we believe it has very little, if any—is undercut by the fact that Appellant sought to introduce this evidence through cross-examination of JM. However, JM would not have been able to testify about his paramours' subjective belief about his age or speculate as to whether they would have engaged in sexual conduct had they known his true age.

We agree with the military judge that the proffered evidence was irrelevant to the mistake-of-fact defense. The military judge therefore did not abuse his discretion by excluding it.

### III. CONCLUSION

The findings of guilt and the sentence are correct in law and fact and no error materially prejudicial to the substantial rights of Appellant occurred. Articles 59(a) and 66(c), UCMJ, 10 U.S.C. §§ 859(a), 866(c). Accordingly, the findings and sentence are **AFFIRMED**.

FOR THE COURT

MICAH L. SMITH
Deputy Clerk of the Court