# UNITED STATES ARMY COURT OF CRIMINAL APPEALS

Before
FLOR, POND, and JUETTEN
Appellate Military Judges

**UNITED STATES, Appellee**
v.
**Specialist MARIANO J. ROSENDO, JR.**
**United States Army, Appellant**

ARMY 20230655

Headquarters, Fort Carson
Jacqueline L. Emanuel, Military Judge (arraignment and motions)
Gregory R. Bockin, Military Judge (trial)
Lieutenant Colonel Kenton E. Spiegler, Acting Staff Judge Advocate

For Appellant: Colonel Philip M. Staten, JA; Major Robert W. Rodriguez, JA (on brief); Colonel Frank E. Kostik, Jr., JA; Lieutenant Colonel Kyle C. Sprague, JA; Major Kelsey Mowatt-Larssen, JA; Captain Eli M. Creighton, JA (on reply brief).

For Appellee: Colonel Richard E. Gorini, JA; Major Isaac J. Dickson, JA; Captain Claire M. Murphy, JA (on brief).

19 December 2025

-----------------------------------
SUMMARY DISPOSITION
-----------------------------------

*This opinion is issued as an unpublished opinion and, as such, does not serve as precedent.*

FLOR, Chief Judge:

Appellant was convicted by an enlisted panel sitting as a general court-martial, contrary to his plea, of one specification of sexual assault without consent, in violation of Article 120, Uniform Code of Military Justice, 10 U.S.C. § 920 [UCMJ].[1] He was acquitted of one specification of attempted sexual assault while appellant knew or should have known the victim was asleep, in violation of Article 80.

---

[1] For purposes of clarity and efficiency, subsequent reference to the UCMJ will exclude citation to that work.

ROSENDO – ARMY 20230655

Appellant raises two assignments of error, one of which merits discussion but no relief: whether appellant's conviction is factually sufficient.[2] The military judge sentenced appellant to a dishonorable discharge, confinement for 12 months, and reduction to the grade of E-1. He was awarded one day of confinement credit pursuant to *United States v. Allen*.[3] Based on our review, we affirm.

## BACKGROUND

After meeting on Tinder, the victim and SPC ■ had a sexual relationship. Appellant was friends with both SPC ■ and PFC ■. Specialist ■ and PFC ■ were roommates, but appellant lived in the barracks. The victim had previously met PFC ■ and appellant but did not even know their first names.

After SPC ■ returned from a month-long rotation at the National Training Center, he and the victim agreed to meet up at a bar in Colorado Springs. Specialist ■ brought appellant and PFC ■ with him. While at the bar, appellant met another woman. This other woman drove the victim, SPC ■, and appellant back to SPC ■ house, while PFC ■ arrived separately.

Appellant was not interested in further socializing with this other woman, so she left the house. Meanwhile, SPC ■ and the victim were upstairs in his room. The victim undressed, anticipating sex with just SPC ■. Specialist ■ asked the victim if his roommate, PFC ■ could join them. The victim told SPC ■ no. Nonetheless, PFC ■ entered the room. The victim told SPC ■ to make PFC ■ leave, but he did not leave, and instead PFC ■ had sex with the victim from behind.[4] Appellant later entered the room at SPC ■ request. Appellant pulled his pants down and placed his penis in the victim's mouth. The victim kept her eyes closed, hoping that PFC ■ and appellant would think she was asleep. SPC ■ used his phone to take three photos, unbeknownst to the victim, which were later admitted at trial. After PFC ■

---

[2] We have given full and fair consideration to the matters personally raised by appellant pursuant to *United States v. Grostefon*, 12 M.J. 431 (C.M.A. 1982), and determine they merit neither discussion nor relief.

[3] 17 M.J. 126 (C.M.A. 1984). We agree with the military judge's award of this credit and find no further merit to appellant's second assignment of error regarding illegal pretrial punishment under Article 13, UCMJ. As a result, no further discussion on this is warranted.

[4] We note the conduct of both PFC ■ and SPC ■ were the subject of separate courts-martial. Here, we are only setting forth the background testimony presented at appellant's trial, as before us on appeal. Our discussion does not impinge on the findings of those separate court-martial proceedings.

2

and appellant were done, they left the room. At which point, SPC ▮ had sex with the victim.

Once SPC ▮ fell asleep, the victim grabbed her clothes, snuck into the bathroom, and got dressed. She then called and texted her friends for help. The victim quietly left the house to avoid waking SPC ▮, PFC ▮, and appellant. Once outside, she hid between trashcans and cars in the street. Two of her friends and their boyfriends showed up and found her hiding there. The victim was distraught and crying. They helped her into the backseat of one of the cars.

The two boyfriends confronted SPC ▮ and PFC ▮ at the door of the residence. Appellant was standing in the background but did not interact with the boyfriends. Shortly after, the victim made a report to law enforcement that she was sexually assaulted.

## LAW AND DISCUSSION

We review questions of factual sufficiency "upon request of [appellant]" and if appellant "makes a specific showing of a deficiency in proof." UCMJ art. 66(d)(1)(B)(i). Once these conditions are met, this court "may weigh the evidence and determine controverted questions of fact" subject to "appropriate deference to the fact that the trial court saw and heard the witnesses and other evidence . . . and appropriate deference to findings of fact entered into the record by the military judge." UCMJ art. 66(d)(1)(B)(ii). If this court is "clearly convinced that the finding of guilty was against the weight of the evidence, the Court may dismiss, set aside, or modify the finding, or affirm a lesser finding." UCMJ art. 66(d)(1)(B)(iii). For this court to be "clearly convinced that the finding of guilty was against the weight of the evidence," this court "must decide that the evidence, *as the [court] has weighed it*, does not prove that the appellant is guilty beyond a reasonable doubt. Second, the [court] must be clearly convinced of the correctness of this decision." *United States v. Harvey*, 85 M.J. 127, 132 (C.A.A.F. 2024) (internal quotations omitted) (emphasis in original).

In order to prove sexual assault without consent, the government had to prove beyond a reasonable doubt: 1) that appellant committed a sexual act upon the victim by penetrating her mouth with his penis, and 2) that appellant did so without the victim's consent. Consent is defined as "a freely given agreement to the conduct at issue by a competent person." UCMJ art. 120(g)(7)(A). "All the surrounding circumstances are to be considered in determining whether a person gave consent." UCMJ art. 120(g)(7)(C).

Mistake of fact as to consent is a defense to sexual assault if "the accused held, as a result of ignorance or mistake, an incorrect belief of the true circumstances such that, if the circumstances were as the accused believed them, the

accused would not be guilty of the offense." R.C.M. 916(j)(1). Because sexual assault without consent is a general intent crime, "the ignorance or mistake must have existed in the mind of the accused and must have been reasonable under all the circumstances." *Id.* Once raised, the government bears the burden to prove beyond a reasonable doubt that the defense did not exist. R.C.M. 916(b)(1).

In this case, appellant argues that the three admitted photos of the assault show the victim consented or at least show appellant was under an honest and reasonable belief that she consented. Additionally, appellant claims that the victim never told him no, and that after being invited by SPC ■ to engage in sexual acts with the victim, he had no reason to doubt the sexual act was consensual.

We disagree.

From the admitted photos, only the first photo shows the victim's left arm near the groin of appellant. Further, while the first photo does show the victim's arm near appellant's groin, the photo is of such poor quality that it is not possible to determine what her arm is doing. While appellant argues the photo supports that the victim was a willing participant in oral sex with appellant, it equally could represent the victim pushing appellant away or attempting to do so. While we agree that this court can assess an objective piece of evidence like a photo "just as well as the court-martial," the panel was in the best position to determine the credibility of the witnesses who testified about the circumstances of the photos. This series of photos does not clearly convince us that the finding of guilty was against the weight of the evidence.

While the victim never told appellant no, and appellant was invited by SPC ■ to engage in sexual acts with the victim, neither of these facts clearly convince us that the finding of guilty was against the weight of the evidence. As mentioned above, consent requires a freely given agreement to the conduct at issue, and all of the surrounding circumstances are to be considered when determining consent. Consent also cannot be inferred based on the lack of verbal or physical resistance. Mistake of fact as to consent must be reasonable and "cannot be based on a negligent failure to discover the true facts." *United States v. True*, 41 M.J. 424, 425 (C.A.A.F. 1995); *see also* Dep't of Army, Pam. 27-9, Legal Services: Military Judges' Benchbook, para. 5-13-2 (29 Feb. 2020) (further providing, "Negligence is the absence of due care. Due care is what a reasonably careful person would do under the same or similar circumstances.").

In this case, appellant cannot demonstrate factual insufficiency as to consent by using representations by a third party. Only the victim could consent to a sex act with appellant. The evidence clearly demonstrates appellant's "negligent failure to discover true facts" as to the victim's consent. During his interview with law enforcement, appellant described his mental state as follows:

4

At a certain point, [SPC ■ told me to come over there. I'm like, all right, fuck it. I'll go. . . I went into the same room, uh, [PFC ■ was having sex with her. And like, there's – at no point she ever said no. She was just like – she was I don't know. She was asking for it. . . And so, uh, after a while she, uh, I was like, all right, fuck it. . . I'm drunk and I did it.

This is negligent failure to discover the true facts related to the victim consenting to the sex act. Based on the foregoing, we are not "clearly convinced that the finding of guilty was against the weight of the evidence," UCMJ art. 66(d)(1)(B)(iii), nor are we convinced that the victim consented or that there was a reasonable mistake of fact as to consent.

## CONCLUSION

On consideration of the entire record, the finding of guilty and the sentence are AFFIRMED.

Senior Judge POND and Judge JUETTEN, concur.

FOR THE COURT:

JAMES W. HERRING, JR.
Clerk of Court

5