# UNITED STATES AIR FORCE
# COURT OF CRIMINAL APPEALS

———————————

## No. ACM 24045

———————————

### UNITED STATES
*Appellee*

**v.**

### Seth D. NORRIS
Staff Sergeant (E-5), U.S. Air Force, *Appellant*

———————————

Appeal from the United States Air Force Trial Judiciary[1]

Decided 30 June 2025

———————————

*Military Judge*: Brian M. Thompson (arraignment); Kirk W. Albertson.

*Sentence*: Sentence adjudged on 13 March 2024 by SpCM convened at Kirtland Air Force Base, New Mexico. Sentence entered by military judge on 23 April 2024: Forfeiture of $2,000.00 pay per month for two months, reduction to E-4, and a reprimand.

*For Appellant*: Major Samantha P. Golseth, USAF; Captain Thomas R. Govan, Jr., USAF.

*For Appellee*: Colonel Steven R. Kaufman, USAF; Colonel Matthew D. Talcott, USAF; Lieutenant Colonel Thomas J. Alford, USAF; Lieutenant Colonel Jenny A. Liabenow, USAF; Major Jocelyn Q. Wright, USAF; Mary Ellen Payne, Esquire.

Before ANNEXSTAD, DOUGLAS, and PERCLE, *Appellate Military Judges*.

Judge DOUGLAS delivered the opinion of the court, in which Senior Judge ANNEXSTAD and Judge PERCLE joined.

———————————

---

[1] Appellant appeals his conviction under Article 66(b)(1)(A), Uniform Code of Military Justice (UCMJ), 10 U.S.C. § 866(b)(1)(A). *See Manual for Courts-Martial*, *United States* (2024 ed.).

*United States v. Norris*, No. ACM 24045

**This is an unpublished opinion and, as such, does not serve as precedent under AFCCA Rule of Practice and Procedure 30.4.**

———————————

DOUGLAS, Judge:

A special court-martial composed of a trial judge convicted Appellant, contrary to his pleas, of one specification of assault consummated by a battery, in violation of Article 128, Uniform Code of Military Justice (UCMJ), 10 U.S.C. § 928.[2] The trial judge sentenced Appellant to forfeiture of $2,000.00 pay per month for two months, reduction to the grade of E-4, and a reprimand. The convening authority took no action on the findings or sentence and provided the language for the reprimand.

Appellant raises three issues on appeal which we have rephrased: whether (1) Appellant's conviction is legally and factually sufficient; (2) the entry of judgment should be corrected to reflect that the convening authority withdrew and dismissed Charge I and Charge III and their specifications after referral; and (3) the record of trial (ROT) is incomplete because the record does not indicate whether the original charge sheet was included.[3]

We have carefully considered issue (3) and find it does not require discussion or relief. *See United States v. Guinn*, 81 M.J. 195, 204 (C.A.A.F. 2021) (citing *United States v. Matias*, 25 M.J. 356, 361 (C.M.A. 1987)). We note the original charge sheet is in the record of trial.

As to issue (2), we direct modification of the entry of judgment as requested in our decretal paragraph. As to the remaining issue, we find no error materially prejudiced Appellant's substantial rights, and we affirm the findings and sentence.

## I. BACKGROUND

Appellant was stationed at Kirtland Air Force Base (AFB), New Mexico. Appellant met CF when she joined the same unit as Appellant in April 2022.[4] Appellant was CF's shift leader. They interacted daily from April 2022 through December 2022, both at work and socially.

———————————

[2] Unless otherwise noted, all references to the UCMJ and to the Rules for Courts-Martial are to the *Manual for Courts-Martial, United States* (2019 ed.).

[3] Issue (3) was personally raised by Appellant pursuant to *United States v. Grostefon*, 12 M.J. 431 (C.M.A. 1982).

[4] CF was an active duty servicemember. Out of respect for her privacy, we do not disclose her grade or use other further identifying information in this opinion.

On 3 December 2022, a holiday party was planned for members of the unit. Prior to the party, Appellant invited several unit members, including CF, over to his house to gather, socialize, and travel together. Appellant showed a movie in his living room. After the movie, one of the members present, Airman (Amn) CG commented upon the number of shoe boxes that were stacked against a wall in the living room. Appellant offered to show Amn CG his collection of shoes, located in a closet next to the kitchen. CF followed Appellant and Amn CG. After Amn CG looked at the shoes, which were neatly organized on the floor of the closet and on the shelves, Amn CG stepped out of the closet and CF stepped into the closet. CF called one pair of shoes "ugly" and leaned over to pick one up. Appellant was standing behind her and Amn CG heard Appellant ask her to "stop touching" Appellant's shoes. According to CF, Appellant then grabbed her on the back of her neck with his hand, about halfway around her neck. At trial, CF testified she could feel his fingers. CF further testified the grab was offensive and unwanted, and she did not consent to it. She felt the grab was "harsh" and she did not expect it. According to CF, the grab lasted "a couple of seconds." After Appellant grabbed her, CF leaned forward to release his hand. Once free of his grip, she sat on the floor for a minute or two while Appellant walked away.

After Amn CG stepped out of the closet, he started walking back towards the kitchen but turned around when he heard some noise coming from the closet where Appellant kept his shoes. Appellant's position partially blocked Amn CG's view of CF, but Amn CG could see that Appellant had grabbed her with his left hand between where the strap of her tank top sat on her shoulder and her neck.[5] Amn CG testified he saw Appellant use force to "nudge" or move CF out of the closet.

## II. DISCUSSION

### A. Legal and Factual Sufficiency

Appellant asserts the Government failed to prove Appellant grabbed the back of CF's neck, and failed to prove this grab was offensive, or did bodily harm. Appellant offers that CF provided inconsistent statements, is untrustworthy, and had a motive to fabricate. Further, Appellant alleges that, if force was used, it was only because the Appellant was simply defending his property. We are not persuaded. We find Appellant's convictions both legally and factually sufficient.

---

[5] Amn CG explained in his testimony that he was unable to name the area of the body where Appellant grabbed CF but explained that it was "where the strap would be" if CF were wearing a tank top.

**1. Additional Background**

At trial, Amn CG agreed with the statement that CF is a "person who exaggerates." Two additional coworkers of CF described her as "untruthful" and "attention-seeking." One of CF's friends indicated CF had demonstrated "some behaviors of exaggeration." Witnesses who had previously interviewed CF about this incident, including law enforcement and legal office personnel, testified to minor differences in her statements describing the incident. These differences included statements that Appellant used "his hands on her," as opposed to specifically grabbing her, as well as varying descriptions of how she came to rest on the floor, including that she "stumbled" forward, sat down, or was pushed down.

During the cross-examination, CF agreed she and Appellant, on numerous occasions, committed pranks upon each other at work. For example, CF would remove Appellant's patch from his uniform and relocate items from his workstation. Other witnesses testified to seeing CF kick Appellant's shoes and empty pencil shavings over his head. Accordingly, the trial judge agreed the defense of property was reasonably raised and that he would consider it.

Finally, under cross-examination, CF admitted she blamed Appellant for the break-up of her romantic relationship with another person.

**2. Law**

We review questions of legal sufficiency de novo. *United States v. King*, 78 M.J. 218, 221 (C.A.A.F. 2019) (citation omitted). We review questions of factual sufficiency when an appellant asserts an assignment of error and shows a specific deficiency in proof. *United States v. Harvey*, 85 M.J. 127, 129 (C.A.A.F. 2024) (quoting Article 66(d)(1)(B), UCMJ, 10 U.S.C. § 866(d)(1)(B)). Our assessment of legal and factual sufficiency is limited to the evidence produced at trial. *United States v. Dykes*, 38 M.J. 270, 272 (C.A.A.F. 1993) (citations omitted).

"The test for legal sufficiency is whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *United States v. Robinson*, 77 M.J. 294, 297–98 (C.A.A.F. 2018) (citation omitted). "[T]he term 'reasonable doubt' does not mean that the evidence must be free from any conflict . . . ." *United States v. King*, 78 M.J. 218, 221 (C.A.A.F. 2019) (citation omitted). "[I]n resolving questions of legal sufficiency, we are bound to draw every reasonable inference from the evidence of record in favor of the prosecution." *United States v. Barner*, 56 M.J. 131, 134 (C.A.A.F. 2001) (citations omitted). Thus, "[t]he standard for legal sufficiency involves a very low threshold to sustain a conviction." *King*, 78 M.J. at 221 (alteration in original)

(citation omitted). The test for legal sufficiency "gives full play to the responsibility of the trier of fact fairly to resolve conflicts in the testimony, to weigh the evidence, and to draw reasonable inferences from basic facts to ultimate facts." *United States v. Oliver*, 70 M.J. 64, 68 (C.A.A.F. 2011) (quoting *Jackson v. Virginia*, 443 U.S. 307, 319 (1979)).

Article 66(d)(1), UCMJ, provides:

> (B) FACTUAL SUFFICIENCY REVIEW.
>
>> (i) In an appeal of a finding of guilty under subsection (b), the Court may consider whether the finding is correct in fact upon request of the accused if the accused makes a specific showing of a deficiency in proof.
>>
>> (ii) After an accused has made such a showing, the Court may weigh the evidence and determine controverted questions of fact subject to—
>>
>>> (I) appropriate deference to the fact that the trial court saw and heard the witnesses and other evidence; and
>>>
>>> (II) appropriate deference to findings of fact entered into the record by the military judge.
>>
>> (iii) If, as a result of the review conducted under clause (ii), the Court is clearly convinced that the finding of guilty was against the weight of the evidence, the Court may dismiss, set aside, or modify the finding, or affirm a lesser finding.

10 U.S.C. § 866(d)(1), *Manual for Courts-Martial, United States* (2024 ed.) (2024 *MCM*). The factual sufficiency standard applies to courts-martial in which every finding of guilty in the entry of judgment is for an offense occurring on or after 1 January 2021. *See* The National Defense Authorization Act for Fiscal Year 2021, Pub. L. No. 116-283, § 542(e)(2), 134 Stat. 3388, 3612–13 (1 Jan. 2021).

The requirement of "appropriate deference" when a Court of Criminal Appeals (CCA) weighs the evidence and determines controverted questions of fact "depend[s] on the nature of the evidence at issue." *Harvey*, 85 M.J. at 130. This court has discretion to determine what level of deference is appropriate. *Id*. at 131. "[T]he quantum of proof necessary to sustain a finding of guilty during a factual sufficiency review is proof beyond a reasonable doubt, the same as the quantum of proof necessary to find an accused guilty at trial." *Id*. (internal quotation marks omitted). For this court "to be clearly convinced that the finding of guilty was against the weight of the evidence, two requirements must be met." *Id*. at 132. "First, [we] must decide that the evidence, as [we] weighed it, does not prove that the appellant is guilty beyond a reasonable doubt. Second,

[we] must be clearly convinced of the correctness of this decision." *Id.* (emphasis omitted). "[T]he factfinder at the trial level is always in the best position to determine the credibility of a witness." *United States v. Peterson*, 48 M.J. 81, 83 (C.A.A.F. 1998).

In order to convict Appellant of assault consummated by a battery as charged in this case, the Government was required to prove that at or near Kirtland AFB, New Mexico, on or about 3 December 2022: (1) Appellant did bodily harm to CF; (2) that the bodily harm was done unlawfully; and (3) that the bodily harm was done with force or violence. *See Manual for Courts-Martial, United States* (2019 ed.) (*MCM*), pt. IV, ¶ 77.b.(2). "Bodily harm" is defined as "offensive touching of another, however slight." *MCM*, pt. IV, ¶ 77.c.(1)(a). Unlawful means it was "done without legal justification or excuse and without the lawful consent of the person affected." *MCM*, pt. IV, ¶ 77.c.(2)(a).

Defense of property is "an affirmative defense to a charge of assault consummated by a battery, although it is more accurate to refer to defense of property as a 'special defense,' and that the prosecution continuously bears the burden of proving beyond a reasonable doubt that the defense did not exist." *United States v. Proctor*, No. ACM S32554, 2020 CCA LEXIS 196, at *24 (A.F. Ct. Crim. App. 4 Jun. 2020) (unpub. op.) (quoting *United States v. Davis*, 73 M.J. 268, 271 n.3 (C.A.A.F. 2014)), *aff'd*, 81 M.J. 250 (C.A.A.F. 2021). "Among the means by which an accused may lawfully defend his property, an accused has a right to eject a trespasser." *Id.* at *24–25 (citing *Davis*, 73 M.J. at 271–72). However, this right "is circumscribed as an accused may only use as much force as is reasonably necessary to remove an individual from his property after requesting that the individual leave and then allowing a reasonable amount of time for the individual to leave." *Id.* at *25 (internal quotation marks omitted) (citing *Davis*, 73 M.J. at 272) (additional citation omitted). "[A] property owner may not purposely provoke a disturbance on his property and then use his ownership of the property as an excuse for an unnecessary assault in ejecting another person. If more force is used than is reasonably necessary to remove a trespasser, this force constitutes assault and battery." *Id.* (citations omitted).

### 3. Analysis

Viewing the evidence in the light most favorable to the Government, we conclude that the trial judge could have rationally found beyond a reasonable doubt that Appellant was guilty of assault consummated by a battery upon CF. *Robinson*, 77 M.J. at 297–98. At trial, CF testified that on 3 December 2022, while attending a casual gathering at Appellant's home, Appellant grabbed her on the back of her neck, with his hand. She explained that she felt his fingers on her neck. According to CF, the grab of her neck lasted a couple of seconds and she leaned forward to release Appellant's grip. CF felt the grab was offensive and unwanted, describing the level of force as "harsh." Furthermore, she

did not consent to being grabbed. Additionally, there was eyewitness corroboration from Amn CG who testified that, at the same time and place, he saw Appellant grab CF where a tank top strap would be, if worn, with Appellant's left hand. When describing the interaction he witnessed, Amn CG qualified the force used by Appellant as "regular" force, but "not a light touch." The force was sufficient to nudge, or move, her out of the closet.

We have also considered the defense of property. If Appellant thought he was defending his property from damage by forcefully grabbing CF to stop her from picking up one of his shoes, the Government proved beyond a reasonable doubt this defense was not reasonable as an affirmative defense. *Proctor*, unpub. op. at *24. Appellant used more force than necessary to stop CF from touching his shoes and remove her from his closet. *Id*. at *25.

Turning to factual sufficiency of the same conviction, we assume without deciding that Appellant's claims of deficiency are sufficiently specific for our analysis. After weighing all the evidence and having given appropriate deference to the fact that the trial court saw and heard the witnesses, we find that the findings of guilty were not against the weight of the evidence and, therefore, are factually sufficient. *See Harvey*, 85 M.J. at 130–31.

## B. Entry of Judgment Correction

On 18 September 2023, in addition to one specification of assault consummated by battery (Charge II) in violation of Article 128, UCMJ, for which Appellant was tried and convicted, the Government had also referred two specifications of dereliction of duty (Charge I) and one specification of sexual harassment (Charge III) in violation of Articles 92 and 134, Uniform Code of Military Justice (UCMJ), 10 U.S.C. §§ 892, 934. On 11 December 2023, Appellant was arraigned on all charges and specifications, in which Appellant deferred entry of pleas. On 29 February 2024, prior to the start of the trial but now after arraignment, the two specifications of Charge I and one specification of Charge III were withdrawn and dismissed. Trial counsel annotated the convening authority's decision by properly lining these specifications out on the charge sheet, properly placing her initials, the date, and the words, "withdrawn & dismissed" alongside each specification. Furthermore, the trial counsel cleansed the charge sheet by removing the numbers to reflect the remaining Charge and its sole Specification. The entry of judgment does not include the withdrawn and dismissed charges and their specification. Instead, the entry of judgment simply reflects the specification and charge for which Appellant was tried and convicted, labeled as "Charge" as opposed to "Charge II."

Proper completion of post-trial processing is a question of law this court reviews de novo. *United States v. Sheffield*, 60 M.J. 591, 593 (A.F. Ct. Crim. App. 2004) (citation omitted).

Rules for Courts-Martial (R.C.M.) 1101(a) and 1111(b) set forth the contents of the Statement of Trial Results and entry of judgment respectively. Regarding findings, each charge and specification *referred* to trial must be included. *See* R.C.M. 1101(a)(1); R.C.M. 1111(b)(1).

A CCA "may modify a judgment in the performance of their duties and responsibilities." R.C.M. 1111(c)(2).

Both Appellant and Appellee urge us to exercise our authority to modify these documents by ordering correction of these errors. We do not order correction, but instead modify the entry of judgment in the decretal paragraph below.

### III. CONCLUSION

We modify the entry of judgment from the original charge sheet to reflect the following language with respect to the findings:

Charge I, Article 92, UCMJ: Plea: None entered. Finding: Withdrawn and Dismissed after arraignment, before pleas.

Specification 1: Was, at or near Kirtland Air Force Base, New Mexico, from on or about 1 August 2022 to on or about 31 December 2022, derelict in the performance of his duties in that he willfully failed to not view and openly broadcast pornography in the workplace.

Plea: None entered. Finding: Withdrawn and Dismissed after arraignment, before pleas.

Specification 2: Was, at or near Kirtland Air Force Base, New Mexico, from on or about 1 August 2022 to on or about 31 December 2022, derelict in the performance of his duties in that he willfully failed to respect his coworkers, by making lewd comments.

Plea: None entered. Finding: Withdrawn and Dismissed after arraignment, before pleas.

Charge II, Article 128, UCMJ: Plea: NG. Finding: G.

Specification: Did, at or near Kirtland Air Force Base, New Mexico, on or about 3 December 2022, unlawfully grab C.F. on the back of the neck with his hand.

Plea: NG. Finding: G.

Charge III, Article 134, UCMJ: Plea: None entered. Finding: Withdrawn and Dismissed after arraignment, before pleas.

Specification: Did, at or near Kirtland Air Force Base, New Mexico, from on or about 1 August 2022 to on or about 31 December 2022, knowingly engage in conduct of a sexual nature and the conduct was unwelcome.

Plea: None entered. Finding: Withdrawn and Dismissed after arraignment, before pleas.

The findings are correct in law and fact. Article 66(d), UCMJ, 10 U.S.C. § 866(d) (2024 *MCM*). In addition, the sentence as entered is correct in law and fact, and no error materially prejudicial to Appellant's substantial rights occurred. Articles 59(a) and 66(d), UCMJ, 10 U.S.C. §§ 859(a), 866(d). Accordingly, the findings and sentence are **AFFIRMED**.

FOR THE COURT

*Carol K. Joyce*

CAROL K. JOYCE
Clerk of the Court